455 So.2d 401 (1984)
Mike SCHWADEL and Peter Schwadel, Individually, Appellants,
v.
Hy UCHITEL, Maurice Uchitel, Hju Sales & Investments, Inc., a Florida Corporation Southern Caterers of North Bay Village, Inc., a Florida Corporation, D/B/a "the Place for Steak", Southern Caterers of 79TH Street, Inc., a Florida Corporation D/B/a "Nick and Arthur's", Lindy's of Omni, Inc., a Florida Corporation, Sheinin Seafood Distributors, Inc., a Florida Corporation, J & J International Enterprises, Inc., a Florida Corporation, Chuck Wagon Bar-B-Q, Inc., a Florida Corporation, and Bay Point Motors, Inc., a Florida Corporation, Jointly and Severally, Appellees.
No. 84-315.
District Court of Appeal of Florida, Third District.
July 10, 1984.
On Motion for Clarification and Denial of Rehearing September 18, 1984.
*402 Richard & Richard and Dennis Alan Richard, Miami, for appellants.
Evan J. Langbein, Miami, Frank, Strelkow & Gay, North Bay Village, for appellees.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
BASKIN, Judge.
This appeal arises out of the efforts of corporate stockholders, Mike Schwadel and Peter Schwadel, to prevent corporate president, Hy Uchitel, from disposing of "The Place for Steak," the last major corporate asset of H.J.U. Sales & Investments, Inc. (HJU). The trial court entered an order dissolving a temporary restraining order and a preliminary injunction and denying a permanent injunction. We reverse.
Peter Schwadel is a major stockholder of HJU. Mike Schwadel is a major stockholder and director of HJU. Hy Uchitel is a major stockholder, director and chief executive officer of HJU. HJU was incorporated for the purpose of acquiring, managing, and participating in business ventures in South Florida, primarily, restaurants. During the course of HJU's existence, it has acquired, through its various subsidiaries, real and personal property, including several restaurants: Nick & Arthur's, Lindy's of Omni, and The Place for Steak. By 1983, HJU had divested itself of most of its major corporate assets, but had retained The Place for Steak. In 1983, without prior notice to appellants, Hy Uchitel entered into a contract for the sale of the last major corporate asset, The Place for Steak; also included in the proposed sale were Uchitel's personal residence and a Rolls Royce automobile belonging to the corporation. Mike Schwadel and his son, Peter Schwadel, filed suit against Hy Uchitel seeking injunctive relief to prevent the sale of The Place for Steak on the ground that stockholders had not been furnished prior written notice in accordance with section 607.241, Florida Statutes (1983).
The complaint alleged that Hy Uchitel attempted to dissipate HJU corporate assets and to diminish appellants' interests in the corporation by selling the last major corporate asset for less than fair market value in a transaction that had not been negotiated at arm's length. The trial court entered a temporary restraining order and a preliminary injunction, with bond, enjoining the sale of The Place for Steak but, after conducting a hearing on the issuance of a permanent injunction, dissolved the preliminary injunction, discharged the bond and denied a permanent injunction.
Mike Schwadel and Peter Schwadel assert on appeal that they are entitled to injunctive relief to prevent the sale of the last corporate asset. They argue that the sale would violate the statutory rights they enjoy as shareholders and directors, namely, the right to receive prior notice, to object to the terms of the transaction, and to recover the value of their shares. We agree.
Section 607.241, Fla. Stat. (1983) provides:
A sale, lease, exchange, or other disposition of all, or substantially all, the property and assets of a corporation, with or *403 without the good will, may be made upon such terms and conditions and for such consideration ... as may be authorized in the following manner:
(1) The board of directors shall adopt a resolution recommending such sale, lease, exchange, or other disposition and directing the submission thereof to a vote at a meeting of shareholders, which may be either an annual or a special meeting.
(2) Written notice shall be given to each shareholder of record, whether or not entitled to vote at such meeting, in the manner provided in this chapter for the giving of notice of meetings of shareholders and, whether the meeting be an annual or a special meeting, shall state that the purpose, or one of the purposes, is to consider the proposed sale, lease, exchange, or other disposition. The notice shall fairly summarize the material features of the proposed transaction and shall contain a clear and concise statement that, if the sale, lease, exchange, or other disposition is effected, shareholders dissenting therefrom are entitled, if they file a written objection to such transaction before the vote of the shareholders is taken thereon and comply with the further provisions of this chapter regarding the rights of dissenting shareholders, to be paid the fair value of their shares.
(3) At such meeting, the shareholders may authorize such sale, lease, exchange, or other disposition and may fix, or may authorize the board of directors to fix, any or all of the terms and conditions thereof and the consideration to be received by the corporation therefor. Such authorization shall require the affirmative vote of the holders of a majority of the shares of the corporation entitled to vote thereon... .
The prerequisites of section 607.241 must be satisfied when a contemplated sale of major assets of a corporation will substantially limit the corporate business. See Prince George's Country Club v. Edward R. Carr, Inc., 235 Md. 591, 202 A.2d 354 (1964); Bean v. Commercial Securities Co., 25 Tenn. App. 254, 156 S.W.2d 338 (1941); 6A W. Fletcher, Cyclopedia of the Law of Private Corporations § 2949.4 (rev.perm.ed. 1981 & Supp. 1983). The Place for Steak was the sole asset of Southern Caterers of North Bay Village, Inc., the wholly owned subsidiary of HJU, and the last of several restaurants owned by parent corporation HJU. It is undisputed that the fundamental purpose in forming the parent corporation and in operating the corporate enterprise through various subsidiaries was, and continues to be, to engage in the restaurant business. Thus, the sale of The Place for Steak constitutes a sale of "substantially all" the corporate assets and is subject to the statutory rights and protections extended to stockholders under Florida's shareholder "consent" provisions governing such transactions. See Prince George's Country Club; Bean.
The purpose of a shareholder "consent" provision is "to protect the shareholders from fundamental change, or more specifically to protect the shareholders from the destruction of the means to accomplish the purposes or objects for which the corporation was incorporated and actually performs." 6A W. Fletcher, Cyclopedia of the Law of Private Corporations § 2949.2 (rev.perm.ed. 1981 & Supp. 1983). When Hy Uchitel entered into a contract for the sale of the last major corporate asset, he violated shareholders' statutory rights to receive prior notice to consider the transaction and effectively barred their participation in a decision which fundamentally changes the nature of the corporation. This court must therefore decide whether injunctive relief is appropriate under these circumstances.
The general rule is that a court of equity is empowered to issue injunctive relief to prevent officers or directors of a corporation from wrongfully dealing with corporate assets and to prevent such wrongful actions from infringing upon shareholders' voting rights. See Orlando Orange Groves Co. v. Hale, 107 Fla. 304, 144 So. 674 (1932); Penn-Texas Corp. v. *404 Niles-Bement-Pond Co., 34 N.J. Super. 373, 112 A.2d 302 (1955). The proposed sale of the remaining corporate asset constituted a breach of Uchitel's fiduciary duties to the corporation and to its stockholders, see Snead v. United States Trucking Corp., 380 So.2d 1075 (Fla. 1st DCA), review denied, 389 So.2d 1116 (Fla. 1980), and deprived shareholders of their statutory rights to notice and to vote prior to the transfer of the last corporate asset. Injunctive relief is appropriate because appellants have a clear legal right to prior notice and a vote, and legal remedies are inadequate to prevent the irreparable harm that would result from Uchitel's unilateral decision to change the fundamental nature of the corporate enterprise. See Russell v. Florida Ranch Lands, Inc., 414 So.2d 1178 (Fla. 5th DCA 1982); Oxford International Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979). An award of damages would not compensate the shareholders for the destruction of the corporation caused by the transfer of the last major corporate asset. The pending sale is therefore enjoined.
Reversed and remanded for further proceedings consistent with this opinion.

ON MOTION FOR CLARIFICATION
BASKIN, Judge.
Upon remand, the trial court is directed to conduct a hearing to determine the propriety of discharging the notices of lis pendens. See Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA), review dismissed, 402 So.2d 608 (Fla. 1981); Dominguez v. Lopez, 346 So.2d 627 (Fla. 3d DCA 1977).