PER CURIAM.
The trial court’s revocation of appellant’s probation, resulting in the imposition of a sentence to concurrent terms of twenty and ten years was based solely on a violation of Condition 3, which violation read:
VIOLATION OF CONDITION THREE (3) of the Orders of Community Control, by changing his residence without first procuring the consent of his Community Control Officer, and as grounds for belief that he violated his Community Control, affiant states that on or about September 13, 1993, the aforesaid did move from his approved residence at 17660 Bridle Court, Jupiter, Florida, as told to affiant by Mrs. Elizabeth Howard, aforesaid’s girlfriend’s mother, on September 16, 1993.
What the evidence established was a violation of Condition 11 — requiring that appellant remain confined to his approved residence — for which he was not charged although such charge would have fit these facts, i.e., where a defendant is gone for a brief period of time but his locations are unknown. The evidence did not support a finding that Condition 3 was violated. We therefore reverse.
GLICKSTEIN and WARNER, JJ., concur.
ANSTEAD, J., dissents with opinion.