653 So.2d 1112 (1995)
Franklin AMAYA, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2226.
District Court of Appeal of Florida, Third District.
April 19, 1995.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal and Louis Campbell, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Keith S. Kromash, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.

*1113 On Motion for Clarification and Rehearing
PER CURIAM.
Appellee moves for clarification and rehearing. We deny the motion for rehearing but grant the motion for clarification. Accordingly, we withdraw our opinion of March 1, 1995 and replace it with the following:
On November 20, 1991, the State filed a one-count information charging Franklin Amaya with burglary of an unoccupied dwelling in case 91-38527A. On February 10, 1992, the state filed a two-count information charging Amaya with burglary of an unoccupied dwelling and grand theft in case 92-3870. Amaya pled nolo contendere to both cases. The trial court entered orders finding guilt and withholding adjudication and placing Amaya on probation. As a special condition of probation in case 92-3870, Amaya was also ordered to pay restitution in the amount of $2,600.
On January 12, 1993, Amaya's probation officer filed an affidavit for case 91-38527A, alleging that Amaya had failed to pay his supervision costs. On the same day, the probation officer also filed an affidavit for case 92-3870, claiming that Amaya had violated probation by failing to pay supervision costs and failing to make restitution. After hearing, where Amaya claimed that he was unable to legally work due to his residency status, the trial court waived the arrearage and extended Amaya's probation for six months in both cases with early termination upon Amaya's payment of the restitution due. The probation was to have ended on November 25, 1993.
Several days before that date, Amaya's probation officer again filed an affidavit of violation of probation in case 92-3870, alleging the restitution had yet to be paid. At the hearing held thereafter, the trial court dismissed the affidavit of violation and extended probation for one year with early termination upon payment of restitution, with Amaya's termination of probation date extended to December 13, 1994. On February 7, 1994, the state filed a two-count information charging Amaya with possession of cocaine, and obstructing justice, in case 94-2351. Amaya's probation officer then filed another affidavit of probation violation on February 9, 1994 for cases 91-38527A and 92-3870, alleging that Amaya violated his probation by committing the offenses as alleged in the information in case 94-2351.
On May 12, 1994, another hearing was held. At this hearing, in exchange for a plea, the state offered Amaya 364 days of jail, completion of the TASC program and a criminal order of restitution. Amaya accepted the state's offer. The trial judge granted Amaya a requested furlough; the judge also agreed to sentence Amaya to four and one-half years with the understanding that he would mitigate his sentence to the above-stated terms if Amaya surrendered at 9:00 a.m. on May 23, 1994. Amaya then admitted violating probation in cases 91-38527A and 92-3870, and pled nolo contendere in cases 91-38527A, 92-3870, and 94-2351. On the morning of May 23, 1994, Amaya was not present at the appointed 9 a.m. time of surrender. When Amaya appeared at 3:30 p.m. that afternoon, saying he had been at a clinic with his child, the trial judge refused to mitigate Amaya's 4 1/2 year sentence.
Upon examination of the record and the state's confession of error, we agree with Amaya's argument that because probation in case 91-38527 terminated on November 25, 1993, the trial court lost jurisdiction to revoke, adjudicate, and sentence in that case on the basis of an affidavit of violation of probation filed February 11, 1994, which alleged offenses occurring January 22, 1994.
Further, we conclude that the trial court erred in imposing what amounted to an additional three and one-half year sentence where Amaya arrived some hours late on the day of his surrender. In the instant case those few hours were a de minimis deviation. Under the circumstances, the start of serving his sentence several hours after the 9:00 a.m. report time did not warrant the additional punishment. See, e.g., State v. Perez, 587 So.2d 630 (Fla. 3d DCA 1991).
Accordingly, the revocation, adjudication and sentence in case no. 91-38527 are set aside and that case remanded with directions to enter a termination of probation. The sentences in cases 92-3870 and 94-2351 are *1114 reversed and the cause remanded with directions to impose the bargained-for concurrent sentences of 364 days incarceration with TASC, with credit for time served.