PER CURIAM.
Cassandra Latricia Johnson appeals judgment and sentence imposed following revocation of probation. Following a hearing, the trial judge found that Ms. Johnson had violated probation in three respects, revoked probation, and sentenced her to 4½ years imprisonment. We reverse and remand for reconsideration and, if necessary, resentenc-ing, because evidence adduced as to one of the grounds alleged was insufficient.
The affidavit of violation of probation alleged that Ms. Johnson violated condition (3) of her probation, “[b]y changing her residence without first procuring the consent of her Officer, in that on or about August 11, 1994, the aforesaid did move from her residence of 4506 Ellysee Way, Pensacola, FL, without the consent of her Officer.” Condition (3) provides: “You will not change your residence or employment or leave the county of your residence without first procuring the consent of your Probation Officer.”
At the revocation hearing, Ms. Johnson’s probation officer testified that he did not know of Ms. Johnson’s precise whereabouts from August 11, 1994, until August 15, 1994. The probation officer also testified that Ms. Johnson called on August 8, 1994, and reported that she was in the hospital and that on August 11, 1994, Ms. Johnson left a message with the probation officer’s receptionist that she was staying with her mother. According to the probation officer, Ms. Johnson did not give her mother’s address to the receptionist. Finally, the probation officer testified that Ms. Johnson “showed” on August 15, and at that time he was able to verify that she was residing at her original residence.
In Tobias v. State, 641 So.2d 194 (Fla. 4th DCA 1994), Tobias appealed the trial court’s order revoking his probation based on a finding that he had violated the same condition at issue here. Tobias had been absent from his residence for about a week. The Fourth District reversed stating:
What the evidence established was a violation of Condition 11 — requiring that appellant remain confined to his approved residence — for which he was not charged although such charge would have fit these facts, i.e., where a defendant is gone for a brief period of time but his locations are unknown. The evidence did not support a finding that Condition 3 was violated.
Id. In the present case, the evidence likewise does not support a finding that Ms. Johnson had changed her residence in violation of condition (3) of her probation. She was hospitalized, then at her mother’s house for only a short period of time, and the probation officer stated that on the 15th she was again residing at her original residence. It cannot be determined from the record on appeal whether the trial judge would have revoked Ms. Johnson’s probation or imposed the same sentence based on the remaining violations. Williams v. State, 632 So.2d 235 (Fla. 1st DCA 1994). Accordingly, we reverse and remand.
*242 BOOTH and BENTON, JJ., concur.
WOLF, J., concurs and dissents with opinion.