697 So.2d 961 (1997)
John CHAMNESS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00158.
District Court of Appeal of Florida, Second District.
August 1, 1997.
*962 James Marion Moorman, Public Defender, and Amy Porinchak Thornhill, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
John Chamness appeals an order revoking his probation. Chamness claims the trial court erred in revoking his probation based on alleged violations of probation condition one and a special condition which required that he complete an outpatient sex offender program. We find that the trial court properly revoked Chamness' probation based on his failure to attend three outpatient treatment sessions; however, we remand with directions to strike the violation of condition one because the record does not demonstrate a willful and substantial violation of this condition.
Chamness' probation officer filed a violation of probation (VOP) affidavit alleging violations of condition one, requiring his truthful response to all questions from his probation officer and the court; condition three, prohibiting any change in his address without his probation officer's consent; and the special condition requiring outpatient treatment. The VOP affidavit incorrectly referred to the special condition of sex offender treatment as special condition twenty-two rather than special condition twenty-three.
At his VOP hearing Chamness explained that although he had moved his new address was less than 150 feet away from his former residence. He further explained that he kept his former residence as a mailing address because he was warned against receiving mail at his new apartment based on a history of mail tampering in the building. According to his testimony, he used the old address because it was very close to his new residence and because he wished to avoid problems receiving his mail.
Apparently convinced by Chamness' explanation concerning the proximity of the two addresses, the trial court found that he had not violated probation condition three, i.e., he had not changed his address without the consent of his probation officer. Nevertheless, the court found Chamness guilty of violating condition one by using his former address on a monthly report. Based on our review of the record, and in light of the trial court's findings as to condition three, we conclude that appellant's use of his former residence on a monthly probation report did not constitute a willful and substantial violation of condition one. Accordingly, we remand to the trial court to strike the violation of this condition from the revocation order. Additionally, the new revocation order should refer to completion of the outpatient sexual offender treatment program as special condition twenty-three rather than special condition twenty-two.
BLUE, A.C.J., and QUINCE and WHATLEY, JJ., concur.