PER CURIAM.
The trial court did not abuse its discretion by finding that appellant violated condition 3 of his probation by changing his residence without the consent of his probation officer on August 29,1996. This ease is distinguishable from Tobias v. State, 641 So.2d 194 (Fla. 4th DCA 1994), where the evidence was that the defendant had not changed his residence; although he had not returned home for several days, Tobias had left all his belongings at a house located in Jupiter and the owner expected that he would continue to live there. Also, unlike Thomas v. State, 672 So.2d 587 (Fla. 4th DCA 1996), one view of the evidence here is that appellant had moved prior to his contact with the police officer at the halfway house on September 1, so his leaving the house preceded the trespass citation and was not precipitated by it.
AFFIRMED.
WARNER, SHAHOOD and GROSS, JJ., concur.