PER CURIAM.
We affirm the order revoking Wilson’s probation as the evidence is sufficient to prove a willful and substantial violation for failure to complete the sex offender program. See Chamness v. State, 697 So.2d 961 (Fla. 2d DCA 1997). However, we vacate the sentence and remand for resentencing. As the state properly concedes, the court erred in assessing 40 points for penetration on the sentencing guidelines seoresheet. The state stipulated that the evidence showed sexual contact, rather than penetration. Thus, the seoresheet should have included only 18 points for contact. See State v. Montague, 682 So.2d 1085 (Fla.1996). In addition, the state properly acknowledges that the court erred in failing to award Wilson credit for the time served from his initial arrest on March 21, 1994 until the December 16, 1994 sentencing. See Miles v. State, 536 So.2d 262 (Fla. 3d DCA 1988), affirmed on other grounds, 558 So.2d 1001 (Fla.1990). The court only awarded Wilson 186 days credit for time served awaiting the probation violation hearing. Upon resentencing, the court shall award Wilson the additional credit for time served.
Revocation affirmed, sentence vacated, and cause remanded.