KLEIN, Judge.
Appellant’s community control was revoked, and he appeals, arguing that the violation was not willful or substantial. We agree and reverse.
Appellant was employed by a landscaper and his community control required him to be at home if he was not at work. He was supposed to be home by 6:00 p.m., but his community control officer would give him a half hour travel time.
At approximately 6:30 p.m. appellant’s community control officer saw appellant in a sporting goods store carrying a box of sneakers and walking towards the cashier. According to the officer the appellant approached the officer and explained that he was returning from a landscape job with his work crew, when they had all gone into the store.
Appellant testified that he was riding in the back of a truck with the landscape crew which left the job site around 6:10 p.m. The driver decided to -stop at the store because there was a sale, and the crew all went in. It was raining, and the back of the truck, in which appellant was riding, was open. While appellant was in the store, he decided to buy new sneakers. After they left the store they returned to the employer’s office, where appellant punched out. He then went home on the bus. He admitted that he knew he was violating his community control but explained that he had no control over the actions of the driver of the truck who stopped to go into the store.
Although appellant admitted that he knew going in the store violated his community control, he argues that the trial court abused its discretion, citing Davis v. State, 704 So.2d 681 (Fla. 1st DCA 1997) (it is proper to revoke probation only upon a showing of a deliberate, willful, and substantial violation of the conditions thereof).
The obvious intent of the conditions imposed on appellant was that he either be at work or at .home. When the driver, over whom he had no control, decided to go into the store, appellant was left with the choice of staying with his crew and going into the store, or remaining alone in the truck. We conclude that his choosing to stay with his crew was neither a willful nor substantial violation, and his purchase of shoes while in *1080 the store was not substantial. See Chamness v. State, 697 So.2d 961 (Fla. 2d DCA 1997)(probationer’s use of former address on monthly probation report, after he moved to a new residence 150 feet away, was not a willful and substantial violation, where he had been warned that the mail was tampered with at his new apartment) and Sanders v. State, 675 So.2d 665 (Fla. 2d DCA 1996)(fail-ing to submit one monthly report was not a substantial violation which supported revocation of probation).
Reversed.
DELL, J., concurs.
GUNTHER, J., dissents without opinion.