PER CURIAM.
Johnson appeals an order revoking his community control, which was based on findings that he had violated three of the conditions allowing control. The state concedes and we agree that two of the three conditions must be reversed because they were not founded on competent, substantial evidence. As to the third condition, alleging that Johnson failed to maintain contact with his probation officer, we conclude that Johnson did not preserve the error raised; accordingly, we affirm as to it. Nevertheless, because the court erred in finding that Johnson violated two of the three conditions, the case is remanded for the lower court to consider whether revocation is appropriate based upon a violation of the third condition alone. Johnson v. State, 668 So.2d 240 (Fla. 1st DCA 1996).
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, LAWRENCE and BROWNING, JJ, CONCUR.