PER CURIAM.
Because, contrary to the finding below, the evidence as to the only disputed fact unequivocally establishes that Simplex, Inc. received the required consideration for the issuance of the shares of stock which are now in question, see § 607.0621(3),(4), Fla. Stat. (1999), we conclude that the plaintiff appellant Faro is entitled to the issuance of a writ of mandamus requiring a recognition of his ownership of 460,000 shares of the corporation, Music Tones, Ltd., into which Simplex merged. § 678.4011, Fla. Stat. (1999); Soreno Hotel Co. v. State, 107 Fla. 195, 144 So. 339 (1932); Hern v. Looney, 90 Wash. App. 519, 959 P.2d 1116 (1998); 35 Fla. Jur.2d Mandamus & Prohibition § 61 (1996); see also Burtman v. Technical Chemicals & Prods., Inc., 724 So.2d 672 (Fla. 4th DCA 1999); Schwadel v. Uchitel, 455 So.2d 401 (Fla. 3d DCA 1984). Accordingly, the order on appeal in case number 99-1288 denying mandamus is reversed with directions to issue the writ. The appeal in case number 99-1176 from *343 an order denying a motion for preliminary mandatory injunction to accomplish the same result is moot.
Reversed and remanded with directions.