786 So.2d 43 (2001)
Valerie EULO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4575.
District Court of Appeal of Florida, Fourth District.
May 11, 2001.
Rehearing Denied May 24, 2001.
Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
At appellant's plea hearing on her charge of cocaine possession, the court sentenced her to five years incarceration, but agreed to mitigate the sentence to 180 days if she showed up on time after a one week furlough to get her affairs in order. The court explained that if she did not show up on August 30 by 9:00 A.M. "on the dot," she was facing five years. The court reiterated that the only way the court would relent, if appellant was late, was if she were dead or in the hospital.
*44 Although appellant clearly understood that if she were one minute late her sentence would not be reduced, she did not enter the courtroom until 9:15 A.M. on August 30. Her lawyer explained that she had been delayed because she had assumed she would be able to enter the courthouse from the rear after parking in the lot provided, but had to walk around to the front to enter, and that she had also been delayed by traffic. The court refused to accept the explanation and imposed the five year sentence on August 30.
Within ten days of sentencing appellant filed a rule 3.170(l) motion to withdraw plea and vacate sentence. She also filed a rule 3.800(c) motion to reduce or modify sentence, explaining:
At precisely 9:15 AM, the Defendant appeared in Court to surrender to this Court to serve her sentence and have her sentence mitigated to 180 days Broward County Jail. The Defendant entered the courtroom full of sweat and explained to the undersigned that traffic on I 95 was worse than it was on August 21, when she first came to Court. The Defendant further explained that she initially tried to enter the Courthouse through the rear doors, which were inaccessible to the public, requiring her to walk around to the front of the courthouse to enter, and that she had to wait in long lines to use both the elevator to get to the third floor of the Courthouse, and to use the North Wing elevator to get to the fourth floor and ultimately to this Court's courtroom. Room 4810.
On October 25, 2000, the trial court denied both motions in a single ruling, and appellant filed her notice of appeal from that order as well as the sentence.
We first address a jurisdictional problem raised by the state which is that the order denying the rule 3.800(c) motion to mitigate is not appealable. We agree with the state that it is not. Oser v. State, 699 So.2d 844 (Fla. 4th DCA 1997). The notice of appeal, however, was also directed to the sentence, which is appealable.[1]
The essence of appellant's argument is that the plea which she bargained for was 180 days incarceration if she showed up after her furlough by 9:00 A.M. There was, accordingly, a violation of the plea agreement, an argument which can be raised on an appeal from a sentence following a plea, under rule 9.140(b)(2)(B)(ii).
Appellant relies on Amaya v. State, 653 So.2d 1112 (Fla. 3d DCA 1995), in which the judge agreed at the plea hearing to sentence the defendant to four and one-half years with the understanding that the court would mitigate the sentence to 364 days if Amaya surrendered at 9:00 A.M. after a furlough. When Amaya appeared at 3:30 P.M. on the given date, explaining that he had been at a clinic with his sick child, the court refused to mitigate the four and one-half year sentence. The third district reversed, concluding that the delay in showing up was "de minimis" and remanded for the trial court to impose "the bargained-for" 364 day sentence. We agree with rationale of Amaya and that the delay in the present case was "de minimis," just as it was in Amaya. In addition, there was no evidence that appellant's tardiness was anything other than involuntary.[2]
*45 We therefore reverse, as the court did in Amaya, for imposition of the bargained-for sentence of 180 days.[3] Because the appellant may have already served the sentence to which she pled, we limit the time for filing a motion for rehearing to five days from the date this opinion is issued.
GUNTHER, J., concurs.
WARNER, C.J., dissents with opinion.
WARNER, C.J., dissenting.
I must respectfully dissent. If this is an appeal from a motion to withdraw a plea after sentencing, pursuant to Florida Rule of Criminal Procedure 3.170(l), the only allowable grounds are listed in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)-(v) [now rule 9.140(b)(2)(A)(ii) ]. Those grounds are: (1) lack of subject matter jurisdiction; (2) violation of the plea agreement; (3) an involuntary plea; (4) a sentencing error; and (5) as otherwise provided by law.
The majority appears to believe that the plea agreement was violated, but I conclude that none of the above grounds apply. The court certainly had subject matter jurisdiction, the plea agreement was followed exactly, the plea was completely voluntary, and there was no sentencing error. The sentence did not exceed the maximum, and the court retains complete sentencing discretion up to the maximum sentence for the crime charged. See § 921.0023(2), Fla. Stat. (2000). The sentence that was entered was exactly as bargained for, namely five years in prison. After the court sentenced appellant, it agreed to mitigate it if appellant fulfilled the condition of her furlough. She did not. While this result may seem unduly harsh, it is not a sentencing error.
This case is distinguishable from Amaya v. State, 653 So.2d 1112 (Fla. 3d DCA 1995), because as I read that opinion, Amaya was not sentenced until he came back from furlough. Moreover, there is nothing in that opinion which indicates that Amaya specifically agreed to the exact time of his surrender. Additional punishment was added because Amaya arrived late from furlough. In the instant case, appellant's sentence was already rendered. Thus, punishment would only be subtracted if she complied with the furlough requirements.
Pursuant to Amaya, this case might be analyzed as a plea agreement violation because the deviation from the agreement was de minimis. However, under the circumstances of the plea, the judge did not consider the deviation to be de minimis. In fact, during the plea colloquy, the judge said:
THE COURT: And that will be at 9:00 a.m. Now if you come back at 8:59 or 9:00 on the dotYou need to synchronize your watch or whatever you're using by the clock on the wall up there. That's the clock that I go by ....
So if you're here on the 30th of August at 9:00 a.m. I will mitigate the sentence down to six months in the Broward County Jail. However, if you're not *46 here this is the sentence that I am imposing at this time ....
Any questions of the Court?
APPELLANT: No.
THE COURT: When will I see you?
APPELLANT: The 30th.
THE COURT: Of what month?
APPELLANT: This month.
THE COURT: And what's this month?
APPELLANT: August.
THE COURT: And what time will you be here?
APPELLANT: 8:30.
THE COURT: All right. What happens if you come in at 9:01?
APPELLANT: I'm going to prison.
THE COURT: You got it.
I do not know how appellant's deviation is de minimis when the court conditioned the agreement to mitigate on appellant's arriving at 9:00, not 9:01, a fact that appellant knew, and to which she consented.[4]
Moreover, even if we do consider this a violation of the plea agreement, I do not think the relief is to permit appellant to get the benefit of the specific bargain she breached. Since she is appealing the denial of the motion to withdraw the plea, at most she should be allowed to withdraw the plea and proceed to trial and a new sentencing.
NOTES
[1] The rule 3.170(l) motion to withdraw plea, which was filed within ten days of sentencing, stayed rendition and therefore tolled the time for appealing the sentence. Rule 9.020(h).
[2] We know from our own experience of the long lines and the resulting delays connected with the elevators in the Broward court house, as well as the fact that the court house is inaccessible to the public from the rear, where the parking is located.
[3] The dissent suggests that, at most, appellant should be allowed only to withdraw her plea. Appellant is, however, appealing her sentence, and arguing that her sentence does not conform to the plea bargain. Our conclusion that her tardiness was not a proper basis for the trial court to have refused to adhere to the agreement puts this case in the same posture as if appellant had shown up on time and the trial court had still refused to perform its part of the bargain. Appellant is, just as the defendant in Amaya was, entitled to receive the sentence she bargained for. Spencer v. State, 623 So.2d 1211 (Fla. 4th DCA 1993) (ordering specific performance of plea agreement); Buffa v. State, 641 So.2d 474 (Fla. 3d DCA 1994) (same).
[4] The majority relies on personal experience of the long lines at Broward County Courthouse elevators as somehow excusing the appellant's tardiness. Yet the appellant was before the court in the early morning for sentencing, just ten days earlier so she would have known of the delays. Knowing the consequences of arriving late, one would think that appellant would have taken into account the possibility of any delays for traffic or courthouse congestion.