THOMPSON, C.J.
David Isom appeals after the revocation of his probation.
Isom pleaded guilty to sexual battery on a physically helpless person, interfering with custody, and lewd and lascivious act on a child, and was sentenced to 10 years of probation. An affidavit of probation violation was filed, but the court dismissed it, later stating that it had given Isom a break. The current allegations were that Isom violated probation by having unsupervised contact with minors, lying to his probation officer, and failing to comply with his probation officer’s instructions to take a lie detector test and complete a rehabilitation program. He was also alleged to have violated the law by failing to register with the Department of Motor Vehicles within 48 hours of changing residence and by driving without a valid driver’s license.
Isom contends that the court should have rejected as hearsay the probation officer’s testimony that, when questioned by the probation officer, Isom denied having used an alias when he signed in as a visitor at a middle school. Hearsay is “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. Here, Isom’s statement was not offered to prove the truth of the matter asserted, so it was not, as he contends, hearsay. As to the other allegations, we conclude there was competent, substantial evidence to support the trial court’s findings that Isom committed the violations. Further, we would affirm even if the state did not meet its burden of proving that Isom had the ability to pay $175 for a polygraph examination. Cf. Johnson v. State, 668 So.2d 240 (Fla. 1st DCA 1996).
AFFIRMED.
PETERSON and PLEUS, JJ., concur.