KLEIN, J.
Appellant was found to have violated his community control by failing to remain at his place of employment, and for traveling to and working at a different place of employment without permission. The evidence, however, was undisputed that appellant’s new community control officer approved his weekly schedule showing that he would be working at the address of the new employer. Appellant testified that he had left a voice mail message for the officer explaining he had obtained a new job and would be at that address all of that week. He further testified that the supervisor told him that, as long as the new address is on the schedule, it would not be a problem.
The officer testified that appellant did not have permission to work at this address; yet she admitted that she had reviewed his work schedule and had not questioned him about the schedule showing the address of his new employer. She also acknowledged that whether he had permission to work for the new employer was “confusing.”
These facts do not show a willful or substantial violation. Zelaya v. State, 713 So.2d 1079 (Fla. 4th DCA 1998). Reversed.
FARMER and SHAHOOD, JJ., concur.