847 So.2d 585 (2003)
Juan NAVEDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D003-337.
District Court of Appeal of Florida, Third District.
June 18, 2003.
*586 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and WELLS, JJ.
SHEVIN, Judge.
Juan Navedo appeals his sentence. We vacate the sentence. The court ordered defendant to serve five years in prison and awarded defendant a brief furlough. The court agreed to mitigate defendant's sentence to 364 days and completion of the TASC program upon defendant's timely surrender to begin serving his sentence. Unfortunately, defendant failed to surrender at 9:00 a.m. as agreed. Defendant, having overslept, voluntarily appeared in court at 2:50 p.m., less than six hours late on the proper date.
The court abused its discretion in failing to mitigate defendant's sentence. As in Amaya v. State, 653 So.2d 1112 (Fla. 3d DCA 1995), we hold that the deviation of several hours from the agreement amounts to a de minimis violation that did not warrant the additional punishment. See Eulo v. State, 786 So.2d 43 (Fla. 4th DCA 2001).
Accordingly, we vacate defendant's sentence and remand with directions for the trial court to re-sentence defendant forthwith to the bargained-for sentence of 364 days in county jail, completion of the TASC program, and early termination upon successful completion of the program. This opinion is effective immediately and will not be delayed by the filing of a motion for rehearing or other post-decision motion.
Sentence vacated, and cause remanded with directions.
WELLS, J., concurs.
COPE, J., specially concurring.
If we were writing on a clean slate, I would affirm the trial court ruling. In Amaya v. State, 653 So.2d 1112 (Fla. 3d DCA 1995), however, this court held that a voluntary surrender at 3:30 p.m. (when the defendant was supposed to have surrendered at 9:00 a.m.) was a de minimis deviation, and that the defendant was entitled to have his sentence mitigated in accordance with the plea bargain. Id. at 1113. Since we are bound by Amaya, we are obligated to provide the same relief in this case.
It was suggested at oral argument that since the failure to surrender at 9:00 a.m. was disobedience of the court's order, it follows that the trial court in the event of a late surrender may hold the defendant in contempt and impose an additional sanction. *587 In the present case, that would appear to be a fair resolution of the problem.