SCHWARTZ, Chief Judge.
Boatwright was on community control when he asked for and received permission to attend church services on a Sunday between 8:00 a.m and 12:00 p.m. Instead of returning at that time, however, he was caught up in the religiosity of the church services and went from there to the bishop’s home for group counseling until 5:30 p.m. when he was returned to his home by the same church bus which had picked him up in the morning. This appeal is from an order violating his community control and imposing a 15 year sentence on the underlying charges on the ground that, during the period between 12:00 p.m. and 5:30 p.m., he was unauthorizedly absent from his residence. We cannot approve such a decision, worthy as it is of Draco himself.
It is self-evident that Boatwright’s conduct did not, as required, constitute a “willful and substantial” violation of his community control. See VanWagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996); Johnson v. State, 668 So.2d 240 (Fla. 1st DCA 1996); Tobias v. State, 641 So.2d 194 (Fla. 4th DCA 1994); Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980); see also Navedo v. State, 847 So.2d 585(Fla. 3d DCA 2003)(voluntary surrender at 2:50 p.m. rather than 9:00 a.m. as agreed, de minimis deviation which did not vitiate agreement to mitigate sentence); Amaya v. State, 653 So.2d 1112 (Fla. 3d DCA 1995)(same; surrender at 3:30 p.m. rather than 9:00 a.m. as provided by plea bargain). Accordingly, we reverse the order and sentence under review and require that the defendant be restored to community control forthwith.
Reversed.[1]

. This decision shall take effect immediately without regard to the filing or disposition of any motion for rehearing.