GROSS, J.
David Kuehl seeks mandamus, certiora-ri, or habeas corpus relief from his sentence of incarceration. We deny all writs.
Kuehl entered into a plea agreement for the crime of the sale of cocaine which called for a sentence of six months in jail. The agreement provided that if Kuehl surrendered in court on January 2, 2007, at 8:30 a.m. without committing any new crimes, the judge would mitigate his sentence to 30 days in jail. Kuehl surrendered to the court two hours late and the trial judge did not mitigate Kuehl’s sentence.
On January 18, 2007, Kuehl moved to mitigate his sentence, arguing that he should not be punished for a de minimis violation of the plea agreement. The trial court denied the motion without a hearing. On February 1, 2007, Kuehl moved for reconsideration and requested a hearing. Kuehl’s motion explained that he was two hours late because he overslept while visiting his girlfriend at the hospital and was forced to rely on public transportation to get to court. The trial court denied the motion.
The denial of a rule 3.800(c) motion to mitigate is not appealable; however, there is a narrow exception that provides for certiorari review where the motion is denied as untimely. See Terry v. State, 940 So.2d 1288 (Fla. 5th DCA 2006); Diaz v. State, 931 So.2d 1002 (Fla. 3d DCA 2006). Mandamus is proper to compel a public official to perform a ministerial duty. The trial court did not have a ministerial duty to hold a hearing on the motion to mitigate. Outside of the timeliness issue, certiorari is not the proper procedural vehicle for reviewing the denial of a rule 3.800(c) motion; the issue presented in this case may be reached by a direct appeal of the sentence. See Eulo v. State, 786 So.2d 43 (Fla. 4th DCA 2001). Habeas corpus is not a substitute for appeal, so that issues that should or could have been raised on direct appeal are barred in habeas corpus proceedings. See Hargrave v. Wainwright, 388 So.2d 1021 (Fla.1980).
We discuss the merits of Kuehl’s argument because of the frequency with which the issue arises. Kuehl’s voluntary plea bargain contemplated exactly what happened. His two-hour tardiness was not de minimis. In Eulo, a direct appeal, we remanded for resentencing, holding that a fifteen minute tardiness was de minimis when it resulted in an increase in the sentence by four and one-half years. These types of cases are fact sensitive. Eulo took place at the Broward County Courthouse where 15 minute delays are not uncommon due to “long lines and the resulting delays connected with the elevators in the Broward court house, as well as the fact that the court house is inaccessible to the public from the rear, where the parking is located.” Id. at 44 n. 2. This case arose at the Palm Beach County Courthouse which does not currently present the same accessibility problems.
We distinguish Amaya v. State, 653 So.2d 1112 (Fla. 3d DCA 1995). That case involved a defendant tending to a sick child, so it appears that the tardiness was involuntary; also, nothing in Amaya “indicates that Amaya specifically agreed to the exact time of his surrender. Additional punishment was added because Amaya arrived late from furlough.” Eulo, 786 So.2d at 45 (Warner, J., dissenting).
Navedo v. State, 847 So.2d 585 (Fla. 3d DCA 2003), involved a defendant who was almost six hours late for a scheduled surrender because he overslept. This tardiness led to a four year sentence enhancement. In reversing the lower court, the third district felt that Amaya controlled its *656 decision in Navedo. If Navedo stands for the proposition that a 5 hour 50 minute tardiness for a scheduled surrender date is always de minimis when a defendant oversleeps, we disagree with that conclusion. However, we decline to certify an express and direct conflict with Navedo, because of the difference in both the factual circumstances and the procedural posture of that case, which was a direct appeal.
The type of plea bargain here at issue is not improper. Trial courts should have broad discretion to determine whether a defendant has complied with the terms of the agreement.
KLEIN and HAZOURI, JJ., concur.