68 So.3d 968 (2011)
Preston SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D11-459.
District Court of Appeal of Florida, First District.
August 31, 2011.
*969 Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Pamela Jo Bondi, Attorney General, and Ralph F. Guerra and Edward C. Hill Jr., Assistant Attorneys General, Tallahassee, for Appellee.
CLARK, J.
The appellant challenges the revocation of his probation upon the trial court's finding that the appellant's brief delay in reporting to the jail to begin serving a term of incarceration violated a condition of his probation. Because the slight delay in appearing at the jail on the day he was to begin serving that term of incarceration was not shown to be a willful and substantial violation, the appellant's probation should not have been revoked. See e.g. Garcia v. State, 670 So.2d 1104 (Fla. 2d DCA 1996). The revocation of the appellant's probation is therefore reversed, and the sentence imposed upon that revocation is vacated. The case is remanded, with the appellant to be released from that prison sentence.
HAWKES, J., Concurs; and SWANSON, J., Concurs with Opinion.
SWANSON, J., concurring.
I concur in the majority's decision to reverse the revocation of appellant's probation and remand with instructions for his release from prison. I write only to express my opinion that the facts of this case serve to illustrate a clear abuse of a trial court's discretion.
On September 14, 2010, pursuant to a negotiated agreement with the state, appellant entered a plea of no contest to a charge of the sale of a substance in lieu of cocaine, contrary to section 817.563, Florida Statutes (2009). The trial court imposed a term of probation of thirty months, with the special condition that appellant serve sixty days in jail. On October 6, 2010, the state filed an amended affidavit of violation of probation, alleging appellant violated Condition (5) of his probation by committing a new offense, and Condition (9) by failing to comply with his probation officer's instruction to report to the Franklin County Jail by noon on September 21, 2010, to begin serving his sentence. At the evidentiary hearing, the state proceeded only with the technical failure to timely report to jail. The evidence presented showed appellant was approximately twenty minutes late in turning himself in to the county jail. The trial court found appellant violated his probation, revoked it, and sentenced appellant to eighteen months' imprisonment in the Department of Corrections.
A trial court's decision to revoke a defendant's probation is reviewed for an abuse of discretion. See State v. Carter, 835 So.2d 259, 262 (Fla.2002). "That is, the appellate court must determine whether or not the trial court acted in an arbitrary, *970 fanciful or unreasonable manner" in determining whether the defendant's violation of probation was "both willful and substantial." Id. As the majority correctly holds, under Florida law appellant's "slight delay" in appearing at the jail to begin serving his sentence was not a willful and substantial violation of his probation. Indeed, analogous caselaw supports the view that the fact of appellant's reporting to jail twenty minutes after the appointed time was little more than a de minimis violation. Cf. Navedo v. State, 847 So.2d 585, 586 (Fla. 3d DCA 2003) (holding the defendant's voluntary appearance in court to begin serving his sentence less than six hours late was a "de minimis" deviation of several hours and, therefore, the trial court abused its discretion in failing to mitigate the defendant's sentence as promised, provided he timely surrender following a brief furlough); Eulo v. State, 786 So.2d 43, 44 (Fla. 4th DCA 2001) (holding the defendant's fifteen-minute delay in surrendering to the trial court following a furlough to be "de minimis"). Accordingly, in my opinion, under the circumstances of this case, the trial court's decision to revoke appellant's probation and sentence him to eighteen months' imprisonment was both "arbitrary" and "unreasonable." In Carter, the supreme court recognized that "[t]here may be circumstances where revocation is patently unfair." 835 So.2d at 262. In my view, this case represents one of those circumstances.