CIKLIN, J.
Southfields of Palm Beach Polo and Country Club Homeowners Association, et al. (the “association”) appeals the trial *284 court’s final judgment granting an injunction and a writ of mandamus to compel the association’s board of directors to take the necessary steps to preserve the Declaration of Restrictions (the “declaration”) governing the property (“Southfields”) within the association.[1] Without such board action, the restrictive covenants governing Southfields would have begun to lapse and ultimately expire pursuant to the Marketable Record Titles to Real Property Act (“MRTA”), chapter 712, Florida Statutes (2010). Therefore, we affirm the trial court’s final judgment requiring the association’s board to preserve the declaration.
In 1981, the declaration was created to impose certain covenants, conditions, and restrictions within Southfields. The declaration states that its “provisions hereof shall be liberally construed to effectuate the purpose of creating a uniform plan for the development and operation of the Property.” The declaration created a homeowners association whose stated purpose, according to its articles of incorporation, is “to provide for the regulation, maintenance, and preservation of the development of Southfields.” The association is in turn governed by a board of directors. The declaration, intending to preserve the equestrian nature of South-fields, required that the board exercise its powers to maintain the declaration until and unless ninety-five percent of landowners vote to dissolve the declaration and disband the association.
“MRTA was enacted in 1963 to simplify and facilitate land transactions.... ” Blanton v. City of Pinellas Park, 887 So.2d 1224, 1227 (Fla.2004). “Section 712.02, Florida Statutes (2003), provides that ‘[a]ny person ... vested with any estate in land of record for 30 years or more, shall have a marketable record title ... free and clear of all claims’ except those set forth as exceptions in section 712.03.” Id. (footnote omitted). Section 712.03(2), Florida Statutes (2010), furnishes an exception from MRTA for, among other things, “any covenant or restriction ... preserved by the filing of a proper notice in accordance with the provisions hereof.” Section 712.05(1), Florida Statutes (2010), states, in part: “[A] homeowners’ association desiring to preserve any covenant or restriction may preserve and protect the same from extinguishment by the operation of this act by filing for record, during the 30-year period immediately following the effective date of the root of title,[2] a notice, in writing....”
Victoria McCullough, a landowner in Southfields, filed a complaint with the circuit court, claiming that the association’s board was refusing to file the notice required under 712.05 in order to preserve the declaration. McCullough requested an injunction and a writ of mandamus to compel the board to file the required notice. The trial court granted summary judgment as to both the prayer for injunction and mandamus.
*285 We agree with the trial court’s conclusion that “[i]f parcels were to drop out piecemeal without the requisite votes required by the [governing] documents, the Association would begin to resemble a piece of Swiss cheese, with portions of Southfíelds covered by the restrictions and other portions ... not covered by the restrictions.” The trial court also correctly concluded that the language of the declaration itself makes it clear that “the board of directors is mandated to, and has a duty to, protect Southfíelds and protect the restrictive covenants running with the land.” Therefore, injunctive and mandamus[3] relief was appropriate to compel the board to fulfill its duty and take the required action to preserve the declaration. We therefore affirm.
However, we remand the final judgment to the trial court to correct a scrivener’s error. Former defendants Salvatore Spa-no and Melissa Nottingham were removed from the case style in the order granting the summary judgment, but their names reappeared in the final judgment. All parties agree that this was an error and should be corrected by the trial court.

Affirmed and remanded with instructions.

STEVENSON and GERBER, JJ„ concur.

. The land use restrictions for Southfields are set forth in the Amended and Restated Declaration of Restrictions of Southfields, dated January 23, 1981 and Amendment # 1 to Amended and Restated Declaration of Restrictions of Southfields the By-Laws and Articles of Incorporation of Southfields and the Wellington Countryplace P.U.D. Master Land Use Plan.

. "Root of title” is defined under section 712.01(2), Florida Statutes (2010), as "any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been recorded at least 30 years prior to the time when marketability is being determined. The effective date of the root of title is the date on which it was recorded.”

. Mandamus relief is ordinarily used to compel a public official to perform a ministerial duty. See, e.g., Kuehl v. Bradshaw, 954 So.2d 653, 655 (Fla. 4th DCA 2007) ("Mandamus is proper to compel a public official to perform a ministerial duty.”). Neither party raises as an appellate issue whether mandamus is appropriate to compel a homeowners association to act; therefore this question is not properly before us. We do note, however, that mandamus has been approved to compel a corporation to act. See Faro v. Simplex Med. Sys., Inc., 748 So.2d 342, 342-43 (Fla. 3d DCA 1999).