DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**KEVIN JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1349

[October 22, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marc H. Gold, Judge; L.T. Case No. 12012390CF10A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Monique Rolla, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Defendant Kevin Jones ("Defendant") pled guilty to one count of robbery with a weapon and received a youthful offender sentence of one year community control, followed by three years of probation. An affidavit of violation of community control was subsequently filed alleging Defendant failed to remain confined to his approved residence by going to a grocery store without prior approval from his community control officer ("CCO"). The trial court found Defendant violated his community control. Under the facts of this case, we find that Defendant's actions were insufficient to constitute a willful and substantial violation, and we reverse the trial court's finding that a violation occurred.

Defendant was a nineteen year old who still lived with his mother, did not have a driver's license, and relied on his mother as his sole means of transportation. On the day in question, Defendant's mother drove him to the CCO's office. During this visit, the CCO met with both Defendant and his mother to explain the rules of community control, including that Defendant could not go anywhere unless it was outlined in the schedule he submitted, and could not change his schedule without the CCO's

consent. Defendant appeared to understand these instructions. The schedule indicated that Defendant was supposed to go directly home after he left the CCO's office.

Although Defendant and his mother both said they were going straight home following the meeting with the CCO, his mother made a last-minute decision to stop at the grocery store across the street from the CCO's office to do some shopping for Thanksgiving. Defendant did not call the CCO to tell him they were stopping, nor did Defendant have control over his mother's actions. During this unplanned stop, the mother insisted Defendant go with her into the store and carry groceries back to the car. They were in the store approximately seven to ten minutes and went straight home afterwards. However, one of the CCO's colleagues was also in the store at that same time, noticed Defendant's presence, and advised the CCO of Defendant's violation of the community control requirements. Although Defendant argued that he did not choose to go to the store, but rather, was made to go there by his mother, the trial court found that Defendant willfully and substantially violated the terms of his community control.

The facts of this case are very similar to those presented in *Zelaya v. State*, 713 So. 2d 1079 (Fla. 4th DCA 1998). In *Zelaya*, the defendant was on community control and worked as a landscaper; his community control required him to be at work if he was not at home. *Id.* A half hour after his curfew, the defendant's community control officer spotted him at a sporting goods store carrying a box of sneakers and walking towards the cashier. *Id.* According to the defendant, he was riding in the back of his employer's truck when his boss decided to make a stop at the sporting goods store before driving back to the office where the defendant could sign out and take the bus home. *Id.* The defendant admitted that he knew he was violating his community control but explained that he had no control over the actions of the driver of the truck who stopped to go into the store. *Id.* In reversing the defendant's violation, this court found:

> The obvious intent of the conditions imposed on appellant was that he either be at work or at home. When the driver, over whom he had no control, decided to go into the store, appellant was left with the choice of staying with his crew and going into the store, or remaining alone in the truck. We conclude that his choosing to stay with his crew was neither a willful nor substantial violation, and his purchase of shoes while in the store was not substantial.

*Id.* at 1079-80. Similarly, there are other cases involving travel or living restrictions where courts have found that minor violations were not willful or substantial. *See, e.g., Martoral v. State*, 946 So. 2d 1240, 1242 (Fla. 4th DCA 2007) (evidence that defendant changed rooms in hotel insufficient to prove that he changed residence without permission); *Eubanks v. State*, 903 So. 2d 1005, 1006 (Fla. 2d DCA 2005) (defendant missing only two of approximately twelve required counseling classes not willful and substantial violation); *Perez v. State*, 884 So. 2d 306, 308 (Fla. 2d DCA 2004) (probationer being twenty minutes late for required drug test not substantial violation); *Boatwright v. State*, 847 So. 2d 1141, 1142 (Fla. 3d DCA 2003) (returning five and one half hours late from church services because the defendant got "caught up in the religiosity of the church services" and went to the bishop's home for group counseling was not a willful or substantial violation of community control); *Chamness v. State,* 697 So. 2d 961, 962 (Fla. 2d DCA 1997) (probationer's use of former address on monthly probation report, after he moved to a new residence 150 feet away, was not a willful and substantial violation, where he had been warned that the mail was tampered with at his new apartment); *Sanders v. State*, 675 So. 2d 665, 665-66 (Fla. 2d DCA 1996) (failing to submit one monthly report was not a substantial violation which supported revocation of probation).

The evidence presented at the evidentiary hearing showed that Defendant had no control over his mother's decision to stop at a store after leaving the CCO's office. Defendant was merely a passenger in the car, and had no alternative form of transportation home. Additionally, unrebutted testimony showed that Defendant was required by the mother to do whatever she told him, and she instructed him to accompany her into the store. Under the facts of this case, a seven to ten minute stop at a grocery store, occurring without Defendant's prior knowledge or consent, was not a willful and substantial violation. *See Zelaya,* 713 So. 2d at 1079-80.

For the reasons stated above, we find the trial court erred in finding that there was a willful and substantial violation of Defendant's community control terms. We reverse the order finding a violation as well as the trial court's modification of Defendant's original sentence.

*Reversed and Remanded.*

STEVENSON and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**