IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TERRILL A. MURRAY,

     Appellant,

 v.                                                             Case No.  5D18-1612

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed August 24, 2018

3.850 Appeal from the Circuit Court
for Putnam County,
Patti A. Christensen, Judge.

Terrill A. Murray, Defuniak Springs, pro se.

No Appearance for Appellee.


PER CURIAM.

Terrill A. Murray appeals the postconviction court's summary denial of his timely motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850.  Because the sole ground for relief asserted in Murray's motion was insufficiently pleaded, we reverse to give him an opportunity to file a legally sufficient motion.

Murray was charged with violating his probation by leaving St. Johns County, his county of residence, without the consent of his probation officer.  Murray admitted to the

violation, and at a later sentencing hearing, the trial court revoked his probation and sentenced Murray to serve a lengthy prison sentence.

In his postconviction motion, Murray acknowledged that he had left the county without permission but explained that his cousin was driving him home from work when she decided to go to Duval County to do some shopping at a mall. Murray alleged that because he was unable to exit his cousin's vehicle or otherwise to exercise control over her driving, he ended up outside his county of residence for a little over three hours until his cousin finished her shopping trip. Murray further alleged that his counsel was ineffective because he provided counsel with the cousin's name, she was available to testify at trial, and her testimony would have established that the time that Murray was briefly out of his county of residence was not a willful and substantial violation of his probation. *See Young v. State*, 566 So. 2d 69, 69–70 (Fla. 2d DCA 1990) ("A violation which triggers a revocation of probation must be willful and substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence." (quoting *Hightower v. State*, 529 So. 2d 726, 727 (Fla. 2d DCA 1988))).

A trial attorney's failure to investigate a factual defense that results in the entry of an ill-advised plea of guilty can constitute a facially sufficient attack upon the conviction. *Guzman-Aviles v. State*, 226 So. 3d 339, 342 (Fla. 5th DCA 2017) (quoting *MacKinnon v. State*, 39 So. 3d 537, 538 (Fla. 5th DCA 2010)). Murray asserted in his motion that his case is factually similar to *Zelaya v. State*, 713 So. 2d 1079 (Fla. 4th DCA 1998). In that case, the defendant was placed on community control, and one of his conditions of supervision required that he be at home after work no later than 6:30 p.m. *Id.* at 1079. The defendant was working as a landscaper and, at approximately 6:10 p.m., was riding

in the back of a pickup truck with other members of the landscape crew from the job site when the driver, over whom the defendant had no control, decided to stop at a sporting goods store. *Id.* The defendant then accompanied the work crew into the store to get out of the rain. *Id.* At approximately 6:30 p.m., the defendant's community control officer saw the defendant in the store. *Id.* The defendant and the crew then left the store and returned to the employer's office, where the defendant punched out and then rode a bus home. *Id.* Despite the defendant's explanation to his community control officer as to how and why he ended up at the store, the officer filed an affidavit of violation of his community control and the trial court later revoked the defendant's community control. *Id.* The Third District Court reversed, concluding that the defendant's actions were neither a willful nor a substantial violation of community control. *Id.* at 1079–80.

In the instant case, Murray argued that, much like Mr. Zelaya, he had no control over his cousin or her actions in driving them to Duval County and his violation of probation was neither willful nor substantial. However, Murray's motion was insufficiently pleaded as he failed to allege that but for his counsel's ineffectiveness in failing to investigate his defense and contact his witness to testify, he would not have tendered a plea and would have insisted on going to trial. *See Grosvenor v. State*, 874 So. 2d 1176, 1181–82 (Fla. 2004); *Johnson v. State*, 2 So. 3d 1108, 1109 (Fla. 4th DCA 2009). Because Murray has not previously amended his motion, the postconviction court should have stricken the motion and provided Murray with an opportunity to amend to state a legally sufficient claim. *See* Fla. R. Crim. P. 3.850(f)(2); *Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007).

3

Accordingly, we reverse the order on appeal and remand with directions that the postconviction court provide Murray with sixty days to file an amended motion to state a legally sufficient claim for relief.

REVERSED and REMANDED with directions.

EVANDER, WALLIS, and LAMBERT, JJ., concur.