664 So.2d 23 (1995)
Ricci M. SALZANO, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00116.
District Court of Appeal of Florida, Second District.
November 22, 1995.
*24 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Ricci M. Salzano, challenges the revocation of his community control. We reverse.
The appellant pled guilty to two felony petit theft charges in violation of section 812.014, Florida Statutes (1993). The trial court adjudicated the appellant guilty and ordered him to serve two years community control, each case concurrent. The affidavit of violation of community control which was subsequently filed alleged that the appellant violated condition (22) which stated: "You will be screened for drug treatment and complete any counseling or treatment as recommended or required." The affidavit alleged that the appellant was screened and found acceptable for the residential program at Operation PAR, was admitted effective May 2, 1994, and was unsuccessfully terminated for failure to comply and inappropriate behavior effective May 4, 1994. After a hearing, the trial court ruled that the appellant violated the alleged condition and as a result, adjudicated him guilty of two counts of felony petit theft and ordered him to serve two concurrent terms of two years community control. This timely appeal followed.
The appellant contends that he did not willfully and substantially violate his community control. We agree.
A violation of probation which triggers revocation must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992). At the revocation of community control hearing in the instant case, the director for the assessment and admissions department at Operation PAR testified that the appellant appeared highly motivated to enter the treatment program at PAR. She testified that after two days in the program the appellant was terminated because of allegations that he had made sexual comments to a resident and because he was found in the detox area on four occasions against the rules of the facility. However, the appellant denied making the alleged comments to the resident and testified that he went to the detox area of the facility in order to get medication as he was told to do. The appellant testified that after he left the PAR program he immediately contacted his probation officer and enrolled in another detox facility because he believed he was still in need of treatment.
The appellant's probation officer testified that the appellant originally expressed repeatedly that he needed treatment. She testified that she did not explain to the appellant that a condition of his community control was to complete the PAR program and that at the time the affidavit of violation of probation was filed, he was residing at another residential treatment program.
We believe that the trial court abused its discretion in revoking the appellant's community control since the appellant expressed a willingness to complete some form of counseling. Furthermore, the order of community control did not specify the period within which the appellant was to complete the program and how many chances he would be given to obtain success. See Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990). Accordingly, the sentence imposed as a result of the revocation of community control is reversed and the cause is remanded with instructions to reinstate the appellant's original community control sentence on the petit theft charges.
Reversed and remanded with instructions.
THREADGILL, C.J., and SCHOONOVER and PATTERSON, JJ., concur.