687 So.2d 318 (1997)
Anthony HAYGOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4340.
District Court of Appeal of Florida, Fourth District.
January 29, 1997.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Edward Giles, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant's judgment and sentence are affirmed. Ample evidence supports the trial court's conclusion that Appellant violated community control, notwithstanding that the record does contain a misstatement by the court, erroneously affording weight and *319 relevancy to Appellant's arrest, which we deem harmless error. We have considered In re L.S., 553 So.2d 345 (Fla. 4th DCA 1989), but deem it inapposite.
Although we find error in the court's considering the charge that Appellant violated probation for failing to pay $250 court costs in accordance with the terms of a payment schedule prepared by the Department of Corrections, we nevertheless affirm, as there were other grounds upon which the trial court could, and did, find that appellant violated the terms of his community control. Moreover, it is clear that the trial court would have revoked based solely on the proper violationsan assault and battery and failure to pay costs of supervision.
The establishment of a payment schedule for court costs is a judicial responsibility that cannot be delegated to a probation officer. See Tracy v. State, 673 So.2d 544 (Fla. 4th DCA 1996). The state argues that section 948.09(7), Florida Statutes (1995), permits courts to delegate to the Department of Corrections the responsibility of establishing a payment schedule. The statute reads:
948.09 Payment for cost of supervision and rehabilitation
* * * * * *
(7) The department shall establish a payment plan for all costs ordered by the courts for collection by the department....
Although this statute provides that the Department of Corrections shall establish a payment plan for "all costs," nowhere does the statute's provisions allude to costs other than for supervision or rehabilitation. Court costs are not referenced at all in the statute. It appears that the payment plan that the DOC is allowed to establish relates to the payment of monies due and owing to the state and not to a separate governmental entity, such as a county. Thus, in the context of the statute, "all costs" refers to all costs for supervision and rehabilitation, not any and all costs that the trial court might decide to tack onto the probation or community control order. Penal statutes are to be strictly construed, and when language is susceptible to differing constructions, it must be construed in the manner most favorable to the accused. § 775.021(1), Fla. Stat. (1995); Scates v. State, 603 So.2d 504 (Fla.1992).
STONE and WARNER, JJ., concur.