705 So.2d 1033 (1998)
Samuel SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1219.
District Court of Appeal of Florida, Third District.
February 11, 1998.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Assistant Attorney General, for appellee.
Before NESBITT, LEVY and SHEVIN, JJ.
SHEVIN, Judge.
Samuel Smith appeals orders of revocation of community control finding that Smith violated *1034 five community control conditions, and imposing sentence. First, as an initial point, we agree with the state's proper concession that the trial court's written order finding that Smith failed to complete the community service condition does not conform with its oral pronouncement finding that Smith completed the required hours. See Corona v. State, 642 So.2d 667 (Fla. 3d DCA 1994). Therefore, the court must correct the order on remand.
Next, we find that the state failed to carry its burden to establish a willful and substantial violation of the community contol conditions directing Smith to submit a truthful public service schedule, to follow his supervisor's instructions and to pay court costs. See Howard v. State, 484 So.2d 1232 (Fla.1986); Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992); Edwards v. State, 439 So.2d 1028 (Fla. 3d DCA 1983). Therefore, that portion of the revocation order is reversed.
However, as Smith concedes, the record supports the trial court's finding that Smith violated his community control by failing to remain confined to his residence. See, e.g., Allen v. State, 666 So.2d 259 (Fla. 4th DCA 1996). A violation of this condition is sufficient to support revocation of community control. See Porras v. State, 651 So.2d 183 (Fla. 3d DCA 1995). Despite our ruling that only one of the violations is valid, we affirm the order on this ground as the court's statements at the hearing demonstrate that it would have revoked Smith's community control based on this violation alonefailure to remain confined to his residence. See, e.g., Haygood v. State, 687 So.2d 318 (Fla. 4th DCA 1997); Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987). However, it is not clear whether the court would have imposed the same sentence based solely on that violation. See Smith v. State, 664 So.2d 72 (Fla. 3d DCA 1995); Astore v. State, 618 So.2d 790 (Fla. 2d DCA 1993); Jones v. State, 611 So.2d 26 (Fla. 1st DCA 1992). We, therefore, vacate Smith's sentence. On remand, the trial court may impose the same sentence or exercise its discretion to impose a reduced sentence. See Royster v. State, 691 So.2d 1196 (Fla. 4th DCA 1997); Vezina v. State, 644 So.2d 602 (Fla. 1st DCA 1994).
Accordingly, we affirm the order in part, reverse in part, and vacate the sentence. We remand the cause for correction of the revocation order and reconsideration of the sentence.
Affirmed in part, reversed in part, and cause remanded with directions.