744 So.2d 537 (1999)
Walter JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 99-00385.
District Court of Appeal of Florida, Second District.
October 20, 1999.
*538 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John T. Salgado, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Appellant, Walter Jones, challenges the revocation of his community control. We reverse because appellant's community control violation was not willful or substantial.
Appellant's community control violation stems from the fact that he was discharged from the Day Top Drug Treatment Facility after threatening another resident. Special condition twenty-two (22) of appellant's community control required that he "enter and successfully complete residential treatment program (DAY TOP)." The record of the revocation hearing reveals that appellant was enrolled in the Day Top drug program as ordered. Appellant had completed eleven months of the twelve-month residential portion of the program. Maureen Quavis, a clinical counselor, testified that one day during a group counseling session another resident was critical of appellant's behavior in the program. Appellant and the other resident began to argue, and appellant ultimately told the resident, "I'm going to get you." Appellant was then removed from the group and taken to the director of the Day Top program. The director told appellant that in order to remain in the program he would have to present himself before the entire community of residents, admit his transgression, and outline a plan as to how he would change his behavior to ensure that such threats are not made in the future. A few days later, appellant went before the residents and apologized for his threatening statement. However, appellant refused to outline a plan as to how he would prevent such threats from occurring in the future. Appellant was discharged from the program the following day.
At trial, appellant testified that he did not outline a plan as instructed because at the time he was angry and could not continue speaking before the community. Appellant testified that he needed treatment and wanted to continue his treatment at the Day Top program or attend another drug treatment facility.
A violation of community control which triggers revocation must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. See Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). Although appellant was discharged from the Day Top drug program, he expressed a willingness to continue in the program or complete some other form of drug treatment. The community control order did not specify the period within which appellant was to complete the program or how many chances he would have to obtain success. See Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995). Since the order was not specific and appellant has expressed a willingness to complete some form of drug treatment, we conclude that the trial court abused its discretion in revoking appellant's community control. See Salzano, 664 So.2d at 24; Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990).
Accordingly, we reverse the revocation order and remand this cause with directions *539 to reinstate appellant's community control.
Reversed and remanded.
PATTERSON, C.J., and NORTHCUTT, J., Concur.