780 So.2d 223 (2001)
Gordon Lynn DUNKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4506.
District Court of Appeal of Florida, Second District.
February 9, 2001.
James Marion Moorman, Public Defender, Bartow, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Acting Chief Judge.
The appellant challenges the revocation of his probation and the sentence imposed thereon. Based on prior decisions of this court, we believe the evidence was insufficient to establish a willful and substantial violation of probation. We therefore reverse the revocation and remand for reinstatement of probation.
On November 2, 1998, the appellant was placed on probation for a period of three *224 years. Special condition (E) of the appellant's probation required that he, within thirty days, enter and successfully complete an outpatient sex offender treatment program until discharged by the therapist. In June 1999, the appellant's probation officer filed an affidavit of violation, alleging that he had violated condition (E) by being absent without permission from the S.H.A.R.E. sex offender treatment program on May 26, 1999, June 2, 1999, and June 9, 1999.
Evidence at the revocation hearing indicated that the appellant did not contact his therapist or his probation officer to explain the absences. As a result, the therapist terminated him from the program. The appellant testified that he missed the sessions due to illness.
Condition (E) expressly required the appellant to complete the treatment program within the first three years of his supervision. It did not specify that treatment had to be successfully completed on the first try or how many chances the appellant would be given to complete it successfully. This court has repeatedly found similar circumstances insufficient to establish willful and substantial violations of probation. See Butler v. State, 25 Fla. L. Weekly D1202 (Fla. 2d DCA May 19, 2000); Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995); Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990). Thus, it has not been proven that the violation in this case was willful and substantial. We therefore reverse the revocation and remand for reinstatement of the appellant's probation.
Reversed and remanded.
NORTHCUTT and DAVIS, JJ., concur.