787 So.2d 180 (2001)
Gregory L. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2098.
District Court of Appeal of Florida, Second District.
May 11, 2001.
*181 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, MONTEREY, (Senior) Judge.
Appellant challenges the revocation of his probation and argues that the written order revoking his probation does not conform to the trial court's oral pronouncement. Appellant also asserts that the trial court erred in finding that he violated two conditions of his probation where neither condition imposed a deadline for compliance. We agree with both arguments and reverse.
An affidavit of violation of probation alleged that appellant had violated his probation by 1) failing to pay the cost of supervision, 2) failing to undergo drug evaluation, 3) failing to perform any community service, and 4) failing to enter and successfully complete a family domestic violence program. At the revocation hearing, appellant's probation officer testified that appellant had not yet received a drug evaluation due to transportation problems and had failed to complete a domestic violence program. Appellant explained that he was not unwilling to comply with these conditions, but had not completed them because he believed he still had time. After hearing the evidence, the judge found that appellant had wilfully and substantially violated his probation due to his failure to undergo drug evaluation, perform community service, and enter and complete a domestic violence program.
Despite these oral findings, the judge entered a written order stating that appellant was found guilty as alleged in the affidavit. There was no evidence presented and, thus, no finding that appellant failed to pay the cost of his supervision as the affidavit alleges. Mr. Williams argues, the State concedes, and we agree that the written order does not conform to the trial judge's oral findings.
Appellant also contends that the trial court erred in finding that he failed to complete two conditions of his probation because appellant still had time remaining on probation to satisfy the conditions and neither term imposed a deadline for compliance. We agree. This court has reversed violation of probation findings in the past where the offenders were still on probation and willing to comply but failed to meet conditions of probation contained in a probation order which did not contain *182 a specific time for completion. See, e.g., Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000); Haynes v. State, 571 So.2d 1380 (Fla. 2d DCA 1990).
Although the trial court was correct in finding that appellant had failed to comply with the community service condition, it is unclear from the record whether the trial court would have revoked his probation based upon a violation of this one condition alone.
We therefore reverse the order of revocation and remand the cause to permit the court to consider whether that one violation alone warrants revocation and, if the trial court so finds, to enter a written order in conformity therewith. Reversed and remanded.
FULMER, A.C.J., and STRINGER, J., concur.