ON MOTION FOR REHEARING AND REQUEST FOR CERTIFICATION OF DIRECT CONFLICT

PER CURIAM.
We deny the motion for rehearing, but as also done in Delee v. State, No. 3D01-1004, 27 Fla. L. Weekly D698, — So.2d -, 2002 WL 460352 (Fla. 3d DCA March 27, 2002), we certify direct conflict with Carter v. State, 24 Fla. L. Weekly D1063, — So.2d -, 1999 WL 289215 (Fla. 1st DCA 1999), rev. granted, 740 So.2d 528 (Fla.1999), which held that the failure to file a single monthly report, by itself, cannot establish a substantial violation of the terms of probation. This is precisely the situation here. Earnest Bell failed to report after his probation officer requested him to do so only the day be *302 fore. When combined with the fact that Bell had admitted he had violated his probation and entered a plea to that effect less than a year previously, the trial court found that Bell had violated his probation for his failure to report.
We agree with the Fourth District’s decision in Schwartz v. State, 719 So.2d 965 (Fla. 4th DCA 1998), where the appellant’s probation was revoked for failure to file a monthly report with his probation officer. As in our case, Schwartz claimed that his failure was not willful and substantial. The trial court found otherwise. Likewise, in our case, the trial court evidently found Bell’s excuses for not reporting unpersuasive.