816 So.2d 1218 (2002)
Carl Elvin LYNOM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-884.
District Court of Appeal of Florida, Second District.
May 29, 2002.
*1219 James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Carl Elvin Lynom appeals the trial court's order revoking his probation and imposing a sentence of 158 months' imprisonment. We conclude that the State proved violations of only two of the four conditions alleged in the affidavits of violation. Accordingly, we reverse the order revoking probation and remand to the trial court for further proceedings.
In April 1999, the State charged Lynom with first-degree burglary with assault or battery, lewd fondling, and attempted sexual battery on a child. Lynom agreed to plead guilty to two counts of lewd fondling in exchange for the dismissal of the remaining charges and a true split sentence of 158 months' incarceration, which was completely suspended and replaced with ten years' probation. The terms of probation included the mandatory sex offender *1220 probation conditions set forth in section 948.03(5), Florida Statutes (1997), including the requirement that Lynom actively participate in and successfully complete an outpatient sex offender treatment program. Judgment and sentence were entered in accordance with this negotiated plea on June 29, 2000.
On October 18, 2000, the State filed an affidavit of violation of probation, alleging that Lynom had failed to file his first monthly report due in September 2000, which was a violation of condition one. The State also alleged that Lynom had failed to enter and successfully complete the sex offender treatment program in the preceding four months, which was an alleged violation of condition fifteen. On November 6, 2000, the State filed an amended affidavit of violation of probation adding a violation of condition three for changing his residence without consent and condition eighteen for living within 1000 feet of a park. After a hearing, the trial court found that Lynom violated all four conditions, revoked his probation, and sentenced him to the suspended term of 158 months' incarceration.
There is no dispute in this case that Lynom failed to file his first written report. Such a singular technical violation, standing alone, however, is generally insufficient to support an order revoking probation in this district. See Butler v. State, 775 So.2d 320, 321 (Fla. 2d DCA 2000). But see Bell v. State, 813 So.2d 301 (Fla. 3d DCA 2002). Accordingly, we must determine whether one or more of the additional conditions were violated.
Concerning condition fifteen, the clinical psychologist who treated Lynom testified that Lynom had four scheduled appointments between August 9 and September 26. Lynom attended the first and third appointments but failed to appear for the second and fourth. The doctor testified that Lynom was cooperative at the two appointments he did attend. Mr. Lynom testified that he was unable to continue his therapy because he did not have the money to pay for the program, but he still wanted to continue the classes. This court has repeatedly found similar circumstances insufficient to establish a willful and substantial violation of probation. See Jones v. State, 744 So.2d 537, 538-39 (Fla. 2d DCA 1999); Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995); Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990).
The standard condition of probation did not require Lynom to complete the sex offender program by a specified date and was not specific in other details concerning the program. Lynom was not at the end of his probation period; he had just begun probation. No evidence was presented to show that Lynom was unwilling to complete the program, and the psychologist did not testify that Lynom had been terminated from the program. The evidence, therefore, did not establish a willful and substantial violation. See Haynes v. State, 571 So.2d 1380 (Fla. 2d DCA 1990) (finding that nonspecific order combined with defendant's testimony that he was willing to complete program demonstrated that defendant had not willfully violated condition of probation).
Concerning conditions three and eighteen, the State presented evidence from only the probation officer. She went to Lynom's approved residence and determined that Lynom had moved. The probation officer never gave her consent for this move. Moreover, although the probation officer had not visited Lynom's new address, she knew the address to be within 1000 feet of a park.
Lynom testified that he had in fact moved from his approved residence into the neighborhood indicated by the probation *1221 officer, but explained that he was forced to move within one day when the owners of his prior apartment learned of the charges against him. According to Lynom, he attempted to call his probation officer the day prior to moving but was unable to reach her. He testified he also called thereafter to tell her about the move, and that he left messages each time he called. The State did not present any evidence to rebut Lynom's testimony in this regard. Although this evidence was sufficient to establish that Lynom violated condition eighteen by moving to a location within 1000 feet of a park, the State did not prove that Mr Lynom willfully violated condition three by moving prior to obtaining his probation officer's consent.
To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation. Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). Where a probationer makes reasonable efforts to comply with a condition of probation, violation of the condition cannot be deemed "willful." Id. at 317. In this case, although there was evidence that Lynom moved without first obtaining the express consent of the probation officer, there was also unrebutted testimony that he attempted to contact the probation officer and left messages for her in an attempt to obtain that consent.
Although there was competent, substantial evidence at the revocation hearing to support findings that Lynom willfully violated conditions one and eighteen, there was insufficient evidence that he willfully violated conditions three and fifteen. We cannot determine whether the trial court would have revoked Lynom's probation based solely on the two supported violations of failing to file one monthly report and living within 1000 feet of a park. Accordingly, we remand the case so that the trial court may decide whether to revoke Lynom's probation upon these two grounds. See Williams v. State, 787 So.2d 180 (Fla. 2d DCA 2001) (reversing revocation order as it related to three violations, but remanding to determine whether trial court would revoke probation for one remaining violation).
Reversed and remanded.
BLUE, C.J., and ALTENBERND and STRINGER, JJ., Concur.