845 So.2d 335 (2003)
Alvin HARDY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-646, 2D02-827.
District Court of Appeal of Florida, Second District.
May 21, 2003.
James Marion Moorman, Public Defender, Bartow, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
THREADGILL, EDWARD F., Senior Judge.
Alvin Hardy challenges the revocation of the drug offender probation he was serving in two circuit court cases. We reverse.
In its revocation order the trial court found that Hardy had violated conditions five (remaining at liberty without violating the law) and thirteen (completion of drug treatment program) of his probation.
The alleged violation of condition five stemmed from a domestic violence battery charge against Hardy. However, at the revocation hearing, the State announced that it was proceeding to trial on that *336 charge and that it would not proceed on the alleged violation of that condition. Because the State did not present any evidence as to a violation of this condition, we must reverse the revocation order as to condition five. See Hightower v. State, 529 So.2d 726, 726 (Fla. 2d DCA 1988) ("A violation which triggers a revocation of probation must be willful and substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence.").
Additionally, condition thirteen required that Hardy complete the Goodwill Intensive Outpatient Treatment program but did not place a time limit on the completion of the program. Because there remained time in Hardy's probationary period to satisfy the treatment requirement, Hardy's unsuccessful discharge from the program only eight months into his thirty-month probationary term did not violate the condition. See Williams v. State, 839 So.2d 926 (Fla. 2d DCA 2003).
Accordingly, we reverse the revocation and vacate the sentence.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., Concur.