845 So.2d 349 (2003)
Maurice LAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2854.
District Court of Appeal of Florida, Second District.
May 23, 2003.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
*350 FULMER, Judge.
Maurice Lawson appeals from an order revoking his probation. We reverse because the evidence was insufficient to show a willful and substantial violation of probation.
Lawson was charged with violating special condition 17, which provides: "You shall attend and complete out-patient sex offender counseling during probationary period." The affidavit of violation of probation alleged that Lawson:
was unsuccessfully terminated from Sex Offender Counseling as a result of ... ongoing poor community adjustment, his slow progress in working on therapeutic assignments and his failure to either pay for his counseling or do community service hours for his counseling, as verified by a letter from Dr. Leo Cotter, his Sex Offender Therapist.
At the hearing on the violation, the probation officer testified that Lawson's probation was scheduled to terminate on June 30, 2005. Lawson was violated due to a letter from Dr. Cotter dated February 27, 2002, indicating that Lawson was terminated from sex offender counseling. Dr. Cotter, director of the SHARE program, which is a private sexual abuse treatment program, testified that he could not get Lawson to focus and settle down and that Lawson was terminated from the program because he put forth a high risk for reoffending.
Lawson had a near perfect attendance record in Dr. Cotter's weekly group treatment program from his start in July 2000 until his termination in February 2002. Lawson testified that he wished to resume treatment and had worked on treatment assignments while he was in jail on his violation of probation. Dr. Cotter testified that he would accept Lawson back into treatment if his attitude improved.
In similar cases, where a probationer was terminated from a treatment program early, the evidence has been considered insufficient to show a willful and substantial violation. See Bennett v. State, 684 So.2d 242 (Fla. 2d DCA 1996); Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990); Cowart v. State, 754 So.2d 813 (Fla. 1st DCA 2000); Gibbs v. State, 609 So.2d 76 (Fla. 1st DCA 1992). It is also noteworthy that the probation order in this case did not specify that treatment had to be successfully completed on the first try or how many chances the probationer would be given to successfully complete it. See Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002); Dunkin v. State, 780 So.2d 223 (Fla. 2d DCA 2001); Jones v. State, 744 So.2d 537 (Fla. 2d DCA 1999); Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995); Young. We, therefore, reverse and remand for the trial court to reinstate the probation.
Reversed and remanded.
CASANUEVA, J., and THREADGILL, EDWARD F., Senior Judge, concur.