862 So.2d 931 (2004)
Antonio DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1767.
District Court of Appeal of Florida, Second District.
January 14, 2004.
*932 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Antonio Davis appeals the revocation of his probation for delivery of cocaine and possession of cocaine and the resulting sentence. Because the State failed to meet its burden of proving a willful and substantial violation of condition 13 of Davis's probation, and because it is unclear *933 whether the trial court would have revoked his probation solely for the violation of condition 27(c), we reverse and remand for the trial court to determine whether to revoke Davis's probation for the remaining violation.
On October 29, 2002, Davis was convicted of delivery of cocaine and possession of cocaine, and the trial court placed Davis on twenty-four months' drug offender probation. An affidavit of violation of probation and an amended affidavit were filed on February 5, 2003, and March 18, 2003, respectively. At a hearing on April 7, 2003, the State presented evidence regarding violations of conditions 13 and 27(c) of Davis's probation.
Condition 13 of the probation order provides as follows:
You shall be required to pay for tests used to determine whether you have any treatable problem with alcohol or any drug. If you have said problem you are to successfully complete any recommended treatment program, including aftercare, as directed by your officer or any treatment center where you are receiving treatment.
A handwritten notation next to the condition adds "w/in 30 days." It was undisputed at the hearing that Davis complied with the requirement that he be evaluated within thirty days for any treatable alcohol or drug problem. As a result of the evaluation, he was ordered to attend the DACCO Level 1 Drug Education Program. The affidavit alleged that Davis entered into the program on November 25, 2002, and that on January 17, 2003, Davis "was discharged from the program for failing to comply with program rules."
Condition 27(c) of the probation order requires that Davis perform seventy-five hours of community service "at any approved community site at 5 hours per month." The affidavit alleged that as of January 29, 2003, Davis "failed to perform community service work, and is 15 hours in arrears."
At the revocation hearing, Davis's probation officer testified that on November 1, 2002, he instructed Davis on the conditions of his probation and informed Davis of the need to go to the substance abuse evaluation within thirty days and to complete whatever treatment was recommended. Davis's probation officer admitted that when he first met with Davis on November 1, 2002, Davis brought him a document reflecting an appointment for physical therapy for the previous day and said that he was attending physical therapy. The probation officer did not specifically discuss the issue with Davis any further, but he testified that he tells his probationers that they should inform him of any limitations with regard to their ability to perform community service. Davis did not inform him of any specific limitations. The probation officer believed that there were community service opportunities available which would not require manual labor.
Keith Carpenter, a continuing care manager for DACCO, testified that the DACCO Level 1 Drug Education Program consisted of eight sessions, that Davis had only attended one session, and that Davis had been discharged from the program for failing to attend any other sessions.
Davis's mother testified that in September or October of 2002, Davis fractured his foot and injured his leg in a car accident. She explained that Davis attended physical therapy for five months on Monday, Wednesday, and Friday mornings and that the physical therapy conflicted with the DACCO classes. She testified that Davis tried to go to his DACCO appointments but that his physical therapy would run late and cause him to be late to the DACCO program. *934 At the conclusion of the evidence, the trial court found that Davis had violated conditions 13 and 27(c), revoked his probation, and sentenced him to one year and one day in prison.
To support a revocation of probation, the State must show by a preponderance of the evidence that the defendant committed a willful and substantial violation of probation. Rowan v. State, 696 So.2d 842, 843 (Fla. 2d DCA 1997). This court has consistently reversed revocations of probation based on a probationer being terminated from a treatment program when sufficient time remained in the probationary period to complete the program. See Lawson v. State, 845 So.2d 349 (Fla. 2d DCA 2003); Hardy v. State, 845 So.2d 335 (Fla. 2d DCA 2003); Williams v. State, 839 So.2d 926 (Fla. 2d DCA 2003); Dunkin v. State, 780 So.2d 223 (Fla. 2d DCA 2001).
Here, Davis had his initial evaluation and began the program within thirty days. Condition 13 did not require Davis to complete the program within any particular time frame, and the condition did not state how many chances he would have to successfully complete the program. In Lawson, this court stated, "It is also noteworthy that the probation order in this case did not specify that treatment had to be successfully completed on the first try or how many chances the probationer would be given to successfully complete it." 845 So.2d at 350. Because time remained in Davis's probationary period to complete the program, his early discharge from the program did not constitute a violation of condition 13. See Williams, 839 So.2d at 927.
With respect to condition 27(c), the evidence reflected that Davis had performed no community service and that he was fifteen hours in arrears of his requirement of five hours per month as of January 29, 2003. In determining whether a violation is willful and substantial and is supported by the greater weight of the evidence, "the trial court must review the evidence to determine whether the defendant has made reasonable efforts to comply with the terms and conditions of his or her probation." State v. Carter, 835 So.2d 259, 261 (Fla.2002).
Although Davis was receiving physical therapy during the time period at issue, there is no indication that he made any effort to comply with the community service requirement or that he was incapable of complying. In fact, the trial court asked if Davis had completed even one hour of community service, and the probation officer replied that Davis had done no community service at all. Davis never contacted his probation officer to tell him of any limitations he had in performing community service, and he never asked his probation officer for community service that would not require manual labor. Thus, the evidence supports a finding that Davis willfully and substantially violated condition 27(c) of his probation by failing to make any effort to comply with the condition.[1]
The record is unclear as to whether the trial court would have revoked Davis's probation based on the single violation of condition 27(c). Therefore, we reverse the revocation order and remand for the trial court to determine whether to revoke *935 Davis's probation for that single violation. See Stevens v. State, 823 So.2d 319, 322 (Fla. 2d DCA 2002) (remanding for the trial court to consider whether it would have revoked probation based only on violation of failing to perform community service in equal monthly installments); Williams v. State, 787 So.2d 180, 182 (Fla. 2d DCA 2001) (remanding for the trial court to consider whether it would have revoked probation on the sole basis of failure to perform community service). If the trial court on remand finds that the one violation warrants revocation, it must enter a written revocation order in conformity with its decision and determine an appropriate sentence to impose. See Williams, 787 So.2d at 182; see also Anthony v. State, 854 So.2d 744, 748 (Fla. 2d DCA 2003).
Reversed and remanded.
VILLANTI, J., Concurs.
CASANUEVA, J., Concurs with opinion.
CASANUEVA, Judge, Concurring.
I fully concur in the opinion of the court. I write to discuss the need for specificity in certain probation conditions imposed at sentencing.
Here, probation condition 13 required Mr. Davis to attend and complete a drug treatment program, yet the order failed to specify the number of opportunities the trial court would permit him to comply with this condition. Likewise, the sentencing court failed to designate a time period for completion of the task. Thus, the order suffered from the same infirmity as that described in Lawson v. State, 845 So.2d 349, 350 (Fla. 2d DCA 2003), where this court observed that "the probation order in this case did not specify the treatment had to be successfully completed on the first try or how many chances the probationer would be given to successfully complete it."
The importance of a nonspecific order in the probation violation context was amply illustrated in Dunkin v. State, 780 So.2d 223, 224 (Fla. 2d DCA 2001), where this court held that a violation was not proven where the condition "did not specify the treatment had to be successfully completed on the first try or how many chances the appellant would be given to complete it successfully. This court has repeatedly found similar circumstances insufficient to establish wilful and substantial violations of probation."
Thus, it is clear that the better practice is for the sentencing court to specify all performance conditions, such as the number of opportunities and a time period for completion of specific probationary conditions. This is critically important because a successor court might be called upon to determine whether a violation occurred.
NOTES
[1] While Davis made no effort to perform his community service obligation, he may have had sufficient time to complete this obligation, at the rate of five hours per month, during the remaining months of his probationary term. However, we do not address this possibility because Davis did not argue it in the trial court, and he does not argue it here as a basis for reversal of the finding that he violated condition 27(c).