871 So.2d 1040 (2004)
Demetrius MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3787.
District Court of Appeal of Florida, Second District.
May 7, 2004.
*1041 James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Demetrius Mitchell seeks review of the final order revoking Mitchell's community control and adjudicating him guilty of sexual battery and false imprisonment, pursuant to a guilty plea. The trial court properly found that Mitchell violated condition 3 of his community control by changing his residence without consent, but the court erred in finding that Mitchell violated condition 67 by failing to attend and complete a sexual offender treatment program. Accordingly, we affirm in part the order of revocation, reverse in part, and remand for the trial court to strike the violation of condition 67.
"To establish a violation of probation, the prosecution must prove ... that a probationer willfully violated a substantial condition of probation." Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002) (citing Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996)). The standard of review of a trial court's revocation of community control is abuse of discretion. See Molina v. State, 520 So.2d 320, 321 (Fla. 2d DCA 1988).
The trial court found that Mitchell violated condition 3 by changing his residence without consent. On January 4, 2003, Mitchell's probation officer went to Mitchell's approved residence and was told by Mitchell's sister that he was no longer living there. Two days later, the probation officer returned to the apartment and discovered it had been vacated. Mitchell had left a note in the apartment thanking his sister and saying, "I have to leave, I've moved on." No new address had been discussed or approved for Mitchell, and Mitchell never contacted his probation officer or attended monthly appointments after January 4, 2003. Mitchell was unavailable for supervision from January 4, 2003, until his arrest on April 17, 2003, nor could he be tracked during that time because he left the tracking-device battery at the abandoned apartment. Based on this evidence, the trial court did not abuse its discretion in determining that Mitchell violated condition 3 of his community control.
Regarding condition 67, the trial court found a willful and substantial violation based on evidence that Mitchell was terminated from the sex offender treatment program due to unexcused absences. In Dunkin v. State, 780 So.2d 223, 224 (Fla. 2d DCA 2001), this court found that evidence of unexcused absence from the sex offender treatment program was insufficient to establish a willful and substantial violation of probation where the violated condition "did not specify that treatment had to be successfully completed on the *1042 first try or how many chances the appellant would be given to complete it successfully." We reversed the revocation of probation, stating, "This court has repeatedly found similar circumstances insufficient to establish willful and substantial violations of probation." Id. at 224 (citing Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000); Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995); Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990)). But see Woodson v. State, 864 So.2d 512 (Fla. 5th DCA 2004) (stating defendant is not at liberty to choose the time of compliance with sex offender conditions of probation and, if initial attempts are unsuccessful, further chances for compliance are a matter for the trial court's discretion).
In this case, the sex offender treatment condition only stated that Mitchell needed to complete the program. It did not specify that treatment had to be successfully completed on the first try or how many chances he would be given to complete the program. Accordingly, the State failed to prove that the violation of condition 67 was willful and substantial, and the trial court abused its discretion in finding that the condition was violated.
Where a violation of a condition of community control is reversed on appeal but other violations remain, the appellate court will either remand to the trial court to strike the erroneous violation or reverse the order of revocation and remand for the trial court to consider whether the remaining violation or violations warrant revocation. This court stated in Coxon v. State, 365 So.2d 1067, 1068 (Fla. 2d DCA 1979), that we will remand for reconsideration of the revocation order "when a substantial ground for revocation was reversed leaving only proof of the violation of a technical ground to support the revocation." In Coxon, we found that the remaining violations, leaving the county for over six months and failing to file monthly reports, constituted "a substantial violation of probation and [were] sufficient to support the revocation." Id. Accordingly, remand for reconsideration was not required, and the violation of probation was affirmed. Id.; see also Chamness v. State, 697 So.2d 961 (Fla. 2d DCA 1997) (remanding for the trial court to strike erroneous violation, otherwise affirming the revocation, where remaining violation was failure to comply with special condition outpatient sex offender program). In Davis v. State, 862 So.2d 931 (Fla. 2d DCA 2004), however, we reversed and remanded for reconsideration of the revocation where the remaining violation involved a failure to perform community service because the record was unclear as to whether the trial court would have revoked the probation based on that violation alone. See also Williams v. State, 787 So.2d 180 (Fla. 2d DCA 2001) (reversing and remanding for reconsideration where remaining violation was "failing to perform any community service").
We find that Mitchell's remaining violation of condition 3 for changing his residency without consent, leaving his whereabouts unknown until his arrest over four months later, is a substantial violation sufficient to support the revocation of Mitchell's community control. Accordingly, we affirm the revocation order based on Mitchell's violation of condition 3, reverse as to the violation of condition 67, and remand for the trial court to strike the violation of condition 67 from the revocation order. We certify that this decision conflicts with the Fifth District's decision in Woodson, 864 So.2d 512.
CASANUEVA and WALLACE, JJ., Concur.