884 So.2d 153 (2004)
Roy WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2760.
District Court of Appeal of Florida, Second District.
July 21, 2004.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Roy Wilkerson appeals the judgment and sentence entered following the revocation of his probation. Because the State failed to prove a willful and substantial violation of Wilkerson's probation, we reverse.
On February 28, 2002, Wilkerson was placed on thirty-six months' probation for burglary of a dwelling. Probationary condition 18 provided: "You must undergo a mental health evaluation, and if treatment is deemed necessary you must successfully complete the treatment and any aftercare." The order did not specify a time period for completion of this condition. Although Wilkerson underwent a mental health evaluation and began a treatment program, the trial court revoked Wilkerson's probation after he was discharged from the program twice for excessive absences.
This court has consistently held that if a defendant is discharged or terminated from a required treatment program prior to its completion, the discharge or termination *154 does not amount to a willful and substantial violation of probation when the probation order does not require completion within a specified period of time and sufficient time remains for the defendant to complete the program. See, e.g., Davis v. State, 862 So.2d 931 (Fla. 2d DCA 2004); Lawson v. State, 845 So.2d 349 (Fla. 2d DCA 2003); Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002). Although Wilkerson was twice discharged from his treatment program, the State did not establish that he was either unwilling or unable to complete the program during his probationary term. Because Wilkerson has the remainder of his probationary period to comply with condition 18, the State failed to establish a willful and substantial violation of probation. See Davis, 862 So.2d 931.
We note Judge Casanueva's recent observation that "the better practice is for the sentencing court to specify all performance conditions, such as the number of opportunities and a time period for completion of specific probationary conditions." Id. at 935 (concurring opinion). If time limits are clearly established for the completion of treatment programs, defendants will know what is required of them to comply with their probationary conditions.
Because the State did not establish a willful and substantial violation of Wilkerson's probation, we reverse the order revoking Wilkerson's probation.
Reversed.
CASANUEVA and CANADY, JJ., Concur.