902 So.2d 236 (2005)
Luis Manuel QUINTERO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2197.
District Court of Appeal of Florida, Second District.
May 13, 2005.
James Marion Moorman, Public Defender, and Susan Martin, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Luis Quintero appeals the trial court's order revoking his probation and imposing a sentence of ninety-four months' imprisonment. The trial court found that Quintero willfully and substantially violated two conditions of his probation. We conclude that the State proved a violation of only one of the two conditions found by the trial court. Because we are unable to conclude that the trial court would have revoked Quintero's probation based solely on the violation proven, we reverse.
Condition 9 of Quintero's terms and conditions of probation required him, in *237 pertinent part, to comply with all instructions given to him by his probation officer. Competent, substantial evidence supported the trial court's finding that Quintero violated condition 9 by failing to report to the probation office as instructed and by failing to submit some required driving logs. Therefore, we find that the trial court did not abuse its discretion in determining that Quintero willfully and substantially violated condition 9 of his probation.
With respect to the alleged violation of condition 30, we reach a contrary conclusion. Condition 30 of Quintero's probation provided: "You must undergo a domestic violence evaluation W/I 30 days, and if treatment is deemed necessary, you must successfully complete the treatment and any aftercare." Treatment was indicated for Quintero, and he was ordered to complete a domestic violence intervention program. In previous cases, this court has held that evidence of the failure to complete a counseling program is insufficient to establish a willful and substantial violation of probation if the condition in question does not specify a time for completion. See Mitchell v. State, 871 So.2d 1040 (Fla. 2d DCA 2004); Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000); Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995). In this case, the domestic violence treatment condition did not specify a time period within which completion of the treatment was required. Accordingly, the State did not prove a willful and substantial violation of condition 30. The trial court abused its discretion in finding that Quintero violated this condition. As this court has suggested on more than one occasion, "the better practice is for the sentencing court to specify all performance conditions, such as the number of opportunities and a time period for completion of specific probationary conditions." Davis v. State, 862 So.2d 931, 935 (Fla. 2d DCA 2004) (Casanueva, J., concurring); accord Wilkerson v. State, 884 So.2d 153, 154 (Fla. 2d DCA 2004); Oates v. State, 872 So.2d 351, 353 (Fla. 2d DCA 2004).
We cannot determine from the transcript of the revocation hearing whether the trial court would have revoked Quintero's probation solely for his violations of condition 9. Therefore, we reverse the order of revocation and remand this case to the trial court for its determination of whether to revoke Quintero's probation based solely on the violations of condition 9 and, if so, to enter an amended order of revocation in accordance with its determination.
Reversed and remanded.
STRINGER, DAVIS, and WALLACE, JJ., Concur.