903 So.2d 1005 (2005)
Belinda Faye EUBANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3355.
District Court of Appeal of Florida, Second District.
May 20, 2005.
James Marion Moorman, Public Defender, and Craig J. Trocino, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Belinda Eubanks challenges the trial court order revoking her community control. She maintains that the revocation was in error because she did not willfully and substantially violate her community control. We affirm in part, reverse in part, and remand.
The trial court revoked Eubanks' community control, finding that she had violated three conditions of her community control. Her community control officer, Frank Vetter, filed an affidavit of violation of community control alleging as follows: (1) Eubanks failed to complete the required ten hours of public service for the month of March 2004, which she had been ordered to perform at the rate of ten hours per month, for a total of 200 hours during the supervision period; (2) Eubanks failed to be at her approved residence on four separate occasions; and (3) Eubanks failed to attend her specified weekly counseling sessions at Psychological Management Group (PMG) on April 27, 2004, and May 4, 2004. The trial court found that Eubanks *1006 had violated all three conditions and revoked her community control. We agree with the trial court that Eubanks violated the condition requiring her to perform ten community service hours per month but disagree with the court's conclusion that she violated the other two conditions.
As to Eubanks' violation of the condition requiring her to perform ten hours of community service per month, given the fact that Vetter could only confirm that Eubanks performed ten community service hours in April, but none in March, we conclude that the trial court did not abuse its discretion in violating Eubanks' community control on the basis of her failure to perform community service during the month of March.
However, as to Eubanks' violation of the condition requiring her to remain confined to her approved residence, we conclude that the court abused its discretion in finding a violation. The court found that Eubanks had violated her community control by failing to remain confined to her approved residence on four separate Sundays. However, Vetter testified that he had authorized Eubanks to be absent from her residence on those Sundays from 8:30 a.m. until approximately 9 p.m. in order to complete her community service hours. The fact that Eubanks apparently was not where she was supposed to be establishes her violation of the community service condition of probation discussed above; it does not establish that she violated the condition requiring her to remain confined to her approved residence. Accordingly, we conclude that the trial court abused its discretion in finding that Eubanks violated this condition.
Finally, the trial court found that Eubanks violated the terms of her community control by failing to comply with instructions that she attend weekly counseling sessions at PMG. Vetter testified that he had instructed Eubanks on February 24, 2004, that she was required to attend the weekly counseling sessions. As of May 20, 2004, the date that the affidavit of violation was filed, Eubanks should have attended twelve classes. Vetter testified that she failed to attend the April 6, 2004, and May 4, 2004, classes. Eubanks explained to Vetter that she missed the April 6, 2004, class because she had just moved to a new residence and had failed to reset her alarm clock. She said that she missed the other class because she had a court date involving her children. Given the fact that Eubanks missed only two of the approximately twelve classes she was required to attend, we cannot say that she willfully and substantially violated this condition. We therefore conclude that the trial court abused its discretion in revoking Eubanks' community control on this basis.
Accordingly, we reverse the revocation as to the last two grounds, but we affirm the revocation as to the first ground  Eubanks' failure to perform community service hours as instructed. We remand for reconsideration of the revocation because the record is unclear whether the trial court would have revoked Eubanks' community control based solely on her violation of the community service condition. See Mitchell v. State, 871 So.2d 1040 (Fla. 2d DCA 2004); Davis v. State, 862 So.2d 931 (Fla. 2d DCA 2004); Williams v. State, 787 So.2d 180 (Fla. 2d DCA 2001).
Affirmed in part, reversed in part, and remanded.
STRINGER and KELLY, JJ., concur.