909 So.2d 974 (2005)
Frank YATES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3604.
District Court of Appeal of Florida, Second District.
September 9, 2005.
James Marion Moorman, Public Defender, and Craig J. Trocino, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Frank Yates appeals orders revoking his community control and imposing a three-year prison sentence. He claims that the asserted violation of a condition of his community control was not willful and substantial. We agree and reverse.
Special condition 17 of Mr. Yates' community control order required him to enter and successfully complete the PAR drug treatment program. After completing most of the program, Mr. Yates violated a PAR rule and was terminated. An affidavit of violation of community control was filed with the trial court.
At his revocation hearing, Mr. Yates asserted that termination prior to the completion of the required PAR program was not a willful and substantial violation of the community control order because the order did not require completion within a specified time and sufficient time remained for him to complete the program. See Wilkerson v. State, 884 So.2d 153 (Fla. 2d DCA 2004).
The trial court may revoke probation or community control only if the State proves by the greater weight of the evidence that the defendant willfully and substantially violated a specific condition of the probation or community control. Padelt *975 v. State, 793 So.2d 30, 31 (Fla. 2d DCA 2001). Here, the State failed to satisfy its burden.
Although PAR terminated Mr. Yates' participation in its program, the State did not establish that he was unwilling or unable to complete the program during the remaining term of his community control. See Wilkerson, 884, So.2d at 154. Moreover, the community control order did not specify the period within which Mr. Yates was to complete the PAR program or how many chances he would have to succeed. The absence of such specificity warrants reversal. See Jones v. State, 744 So.2d 537 (Fla. 2d DCA 1991) (trial court erred in revoking community control on basis of defendant's discharge from residential treatment program when order lacked specificity and defendant desired treatment); Salzano v. State, 664 So.2d 23, 24 (Fla. 2d DCA 1995) (revocation of community control reversed where order did not specify time period within which to complete program or how many chances defendant would have to complete program).
We reverse the orders revoking community control and imposing a prison sentence and remand for further proceedings.
NORTHCUTT and VILLANTI, JJ., Concur.