924 So.2d 979 (2006)
Rochester WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3707.
District Court of Appeal of Florida, Second District.
April 12, 2006.
*980 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Rochester Warren challenges the trial court order that revoked his probation for his failure to pay court-ordered restitution and court-related costs and his failure to file monthly reports for three months in 2004.
On September 23, 1997, Warren entered a negotiated guilty plea to numerous offenses in exchange for the court's imposition of prison terms of varying lengths, followed by probation. As a part of the probation order, Warren was directed to pay certain restitution amounts and several cost amounts; however, the order did not include a schedule of payments.
On June 23, 2004, a second amended affidavit of violation of probation was filed, alleging that Warren had violated condition one by failing to report to the probation office for the months of February, March, and April 2004.[1] The affidavit alleged further that Warren had violated the financial conditions of his probation by willfully refusing to pay the restitution and the cost amounts even though he had the ability to make some payment toward these obligations. It also alleged that Warren had violated condition three by changing his residence without first procuring the consent of his probation officer. The affidavit stated that, according to Probation Officer Foxworth-Limehouse, Warren's employer advised that on April 19, 2004, Warren moved from his last known residence and his current whereabouts were unknown.
On July 19, 2004, following a revocation hearing, the trial court entered an order of revocation of probation, finding that Warren had violated condition one by failing to report to the probation office during February, March, and April 2004 and that he had violated special conditions I, J, and O by failing to make payments pursuant to the restitution and cost requirements.[2] Subsequently, Warren was sentenced to concurrent five-year prison terms on all charges. That order was not filed until December 9, 2005.
Warren argues that the trial court erred in revoking his probation because the evidence of his alleged violations was not sufficient and because the trial court did not make the necessary finding that he had the financial ability to pay his restitution or the several costs. The State concedes that the trial court improperly failed to make the required finding, see Robinson v. State, 773 So.2d 566 (Fla. 2d DCA 2000), and observes that the State presented no record evidence of same. Because evidence consisting merely of the amount due *981 is inadequate to prove a willful violation, the State agrees with Warren that the trial court erred in finding him guilty of violating conditions I, J, and O. We concur.
However, the State contends that this court should nonetheless affirm the revocation of Warren's probation based on his failure to make full and truthful reports and his failure to report to the probation officer as directed. We agree in part.
Warren argues first that the testimony of Officer Cascio regarding Warren's failure to file three monthly reports amounts to hearsay because Cascio testified not from his own knowledge, but from the reports in the file.[3] Warren argues further that Cascio's testimony could not be considered as an exception to the hearsay rule under the business records exception. Cascio was not the custodian of the records, and the records themselves were never offered as evidence. Warren maintains that, without the admission of the records, Cascio's testimony as to the contents of the file constituted double hearsay.
Records prepared by the probation department may be admitted into evidence under the business records exception. See Kipp v. State, 657 So.2d 931, 932 (Fla. 2d DCA 1995). The State's failure here to seek to have the records admitted rendered Cascio's testimony regarding those records hearsay. Id.; Brown v. State, 537 So.2d 180, 181 (Fla. 3d DCA 1989). Although hearsay is admissible in probation revocation proceedings, it may not be the sole basis of the revocation. Brown, 537 So.2d at 181.
In the instant case, Cascio testified that Warren failed to report for three months: February, March, and April 2004. Aside from Cascio's hearsay testimony, the only other evidence of Warren's failure to report is contained in Warren's own testimony at the revocation hearing, where he admitted that he missed reporting for the month of April: "I missed one month. I think I missed April and May since I have been in here."
Because probation may not be revoked solely on the basis of hearsay, we conclude that the State failed to prove that Warren committed a willful and substantial violation of probation for failing to report for the months of February and March 2004. Given Warren's admission that he failed to report for April 2004, we conclude that the trial court was justified in finding that Warren violated condition one of his probation. Because we are not certain that the trial court would have revoked Warren's probation based on that single technical violation, we remand to the trial court for a determination of whether that single violation was a substantial violation that would support revocation of Warren's probation. See Mitchell v. State, 871 So.2d 1040, 1042 (Fla. 2d DCA 2004) (citing Coxon v. State, 365 So.2d 1067, 1068 (Fla. 2d DCA 1979), for the proposition that "we will remand for reconsideration of the revocation order `when a substantial ground for revocation was reversed leaving only proof of the violation of a technical ground to support the revocation'"), review dismissed as improvidently granted, 911 So.2d 93 (Fla.2005).
Reversed and remanded.
SILBERMAN and LaROSE, JJ., Concur.
NOTES
[1] The June 23, 2004, second amended affidavit of violation of probation realleged the allegations contained in previous affidavits of violation of probation.
[2] We note that the trial court did not make a finding as to the violation of condition three (changing residence without permission) and that this condition is not raised in this appeal.
[3] Cascio was not Warren's probation officer and could only testify as to what was in the officer's file. Warren's probation officer was on medical leave and did not testify at the hearing.