965 So.2d 1252 (2007)
Demetrius SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-6069.
District Court of Appeal of Florida, First District.
October 5, 2007.
*1253 Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
After revoking appellant's probation, the trial court sentenced him to prison for fifteen years. Originally he had been sentencedfor lewd and lascivious behavior with a twelve-year-old girlto two years in prison followed by three years' probation.
The decision to revoke probation entails an exercise of discretion. See Bell v. State, 643 So.2d 674, 675 (Fla. 1st DCA 1994) ("The standard of review for probation revocation orders is whether the trial court abused its discretion." (citing Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992))). While he was on probation, appellant lived with his mother, who, at some point, took in two of her great-grandchildren, an eleven-month-old and a twenty-two-month-old. This became the basis for two specifications in the affidavit alleging probation violations, viz.: failing to report the children were in the home and being in their presence by sharing the home. In addition, the trial judge believed testimony that the appellant had admitted smoking a marijuana cigarette, which was the basis for a third specification.
Although the foregoing grounds could alone support revocation, see State v. Carter, 835 So.2d 259 (Fla.2002), the court below relied, at least in part, on yet another ground: The final specification deemed proven was that appellant had not begun or taken steps to begin a sex offender treatment program. The record does not reveal how long completion of such a program would take, but nothing in the record suggests that it could not have been completed within the two years and some nine months that remained of the probationary term.
This last ground for revocation was improper. See Campbell v. State, 939 So.2d 242, 244 (Fla. 1st DCA 2006) (holding "`evidence of the failure to complete a counseling program is insufficient to establish a willful and substantial violation of probation if the condition in question does not specify a time for completion'" (quoting Quintero v. State, 902 So.2d 236, 237 (Fla. 2d DCA 2005))). See also Yates v. State, 909 So.2d 974, 975 (Fla. 2d DCA 2005); Wilkerson v. State, 884 So.2d 153, 153-54 (Fla. 2d DCA 2004); O'Neal v. State, 801 So.2d 280, 280-81 (Fla. 4th DCA 2001); Jones v. State, 744 So.2d 537, 538 (Fla. 2d DCA 1999).
We cannot say with certainty that the trial court would have revoked the *1254 appellant's probationand pronounced a fifteen-year sentencebased on its finding that the appellant smoked a single marijuana cigarette, see Fox v. State, 876 So.2d 717 (Fla. 4th DCA 2004) (remanding for the trial court to determine whether a single sale of marijuana made revocation appropriate), even in conjunction with the appellant's failure to report that he shared his mother's home with his toddling grandnieces. See Warren v. State, 924 So.2d 979, 981 (Fla. 2d DCA 2006) (remanding for determination whether a "single technical violation" of failing to file a report made revocation appropriate). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
BENTON and PADOVANO, JJ., concur; THOMAS, J., Dissents with Opinion.
THOMAS, J., Dissenting.
I respectfully dissent. The trial court revoked Appellant's probation based on several violations, including filing a report with his probation officer that he lived alone with his mother, while knowing this to be false because two children also lived in the home. As a convicted sex offender involving a child victim, Appellant's false report was a very serious probation violation.
Although the majority is correct that we are precluded from affirming Appellant's violation for failure to complete a sex offender treatment program because he had time remaining on his probation and could have conceivably complied with this condition, I would affirm the revocation of Appellant's probation and his 15-year sentence regardless of this invalid violation. In my view, the trial court would have revoked Appellant's probation based on filing a false report that he lived alone with his mother and his admission to his probation officer that he smoked a marijuana cigarette.
I find further support to affirm Appellant's probation revocation by the trial court's refusal to grant Appellant leniency when he asked for it. The trial court said, "I think you got your leniency the last time around. You got a below the guidelines sentence for some unknown reason, which I can't figure because the charge does not sound good." Thus, it is clear that the trial court would have revoked Appellant's probation based solely on the two violations we affirm: filing a false report to his probation officer and smoking marijuana.
When the record demonstrates that the trial court would have revoked probation without regard to an invalid violation, an appellate court will affirm the revocation. See Ogletree v. State, 886 So.2d 420 (Fla. 2d DCA 2004); Smith v. State, 705 So.2d 1033 (Fla. 3rd DCA 1998); Haygood v. State, 687 So.2d 318 (Fla. 4th DCA 1997). The appellate court will remand only where it is not clear that the trial court would have imposed the same sentence based on the valid violations. See Smith, 705 So.2d at 1033. Here, the trial court's statements make it clear that it would have and will impose the same 15-year sentence based on the valid violations.
With our remand, we are imposing an additional burden on the trial court where there is no reasonable likelihood it will reach a different result. Therefore, I respectfully dissent, and would affirm the trial court's probation revocation and its sentence.