DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TONY LEE GIBSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-2305

_____

February 23, 2024

Appeal from the Circuit Court for Hillsborough County; Nick Nazaretian, Judge.

Howard L. Dimmig, II, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Laurie Benoit-Knox, Assistant Attorney General, Tampa, for Appellee.

NORTHCUTT, Judge.

Tony Lee Gibson appeals the revocation of his probation imposed when he pleaded guilty to crimes in 2009. He challenges two of the three probation violations found by the circuit court. We reverse only the finding that Gibson violated special probation condition 22, and we remand for the court to strike that finding. We affirm the balance of the revocation order.

On appeal, Gibson first argues that the circuit court erred in finding that he violated special probation condition 9, which required him to comply with lawful instructions from his probation officer. Gibson does not dispute that he failed to comply with an instruction, but he asserts that he made a reasonable effort to do so. In other words, Gibson argues that his violation was not willful. However, there is competent, substantial evidence from which the court could find that Gibson willfully violated this condition, and we are not permitted to reweigh that evidence on appeal. *See Savage v. State*, 120 So. 3d 619, 621–22 (Fla. 2d DCA 2013) ("[W]e assess the record evidence from which the trial court reached its conclusion for its sufficiency, not its weight."). Therefore, we affirm the finding of violation on special condition 9.

Gibson also contends that the circuit court erred in finding him in violation of special condition 22, which directed Gibson to complete a sexual offender treatment program. Gibson accurately points out that the State presented only hearsay evidence that he was discharged from his program before he completed it. Gibson's argument is well-taken. "[W]hile hearsay is admissible in a revocation proceeding, it may not be the sole basis for the revocation." *Carrington v. State*, 168 So. 3d 285, 287 (Fla. 2d DCA 2015). The State appropriately concedes error on this issue. Therefore, we reverse for the circuit court to enter an amended revocation order that omits the finding that Gibson violated this condition.

Finally, Gibson claims that our reversal of a finding of violation necessitates a new revocation hearing, citing *Quintero v. State*, 902 So. 2d 236 (Fla. 2d DCA 2005). However, Gibson's case is decidedly unlike *Quintero*. In *Quintero*, this court directed the circuit court to conduct a new revocation proceeding after one of two findings of violation was

reversed, *and* it was not clear from the record that the circuit court would have revoked the Quintero's probation based on the single finding. In contrast, the judge in Gibson's case emphasized that he was eliminating all supervised release in this *sixth* revocation proceeding because he wanted Gibson to be able to finally complete his sentence and start anew. The record thus makes clear that our reversal of only one of the three revocation grounds would not affect the circuit court's determination to revoke Gibson's probation and impose a prison sentence.

Affirmed in part, reversed in part, and remanded.


SILBERMAN and VILLANTI, JJ., Concur.

_____

Opinion subject to revision prior to official publication.