942 So.2d 1015 (2006)
Philip Kenneth ANDERSON, III, a/k/a Phillip Anderson, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4118.
District Court of Appeal of Florida, Second District.
December 6, 2006.
*1016 James Marion Moorman, Public Defender, and Deana Marshall, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Philip Kenneth Anderson, III, appeals from the order that revoked his community control and imposed a sixty-month prison sentence. The trial court based the order on its determination that Mr. Anderson had willfully and substantially violated an unnumbered, special condition of his conditions of community control that required him to complete a program at a drug treatment facility, to "comply with all the rules and regulations of the program," and to participate in the treatment program. We conclude that the State failed to prove Mr. Anderson had violated any special condition that had been imposed at sentencing. Therefore, the trial court abused its discretion by revoking Mr. Anderson's community control and sentencing him to prison. Accordingly, we reverse the order revoking Mr. Anderson's community control.
On August 19, 2004, Mr. Anderson pleaded guilty to multiple counts of drug possession and delivery stemming from nine cases against him. The trial court sentenced Mr. Anderson as a youthful offender to a sixty-month suspended sentence and placed him on twenty-four months' community control and forty-eight months' probation. In addition to the standard conditions of community control, Mr. Anderson's order of community supervision contained five special conditions. Special condition 13 provided:
You shall be required to pay for tests used to determine whether you have any treatable problem with alcohol or any drug. If you have said problem you are to successfully complete any recommended treatment program, including aftercare, as directed by your officer or any treatment center where you are receiving treatment.
The additional special conditions required that Mr. Anderson submit to random drug testing, ordered him to be confined to the county jail until his admission into a residential drug treatment program, required 100 hours of community service, and suspended the balance of his county jail time once he entered the drug treatment program.
At the sentencing hearing, the trial court warned Mr. Anderson that if he tested positive at any time during his drug treatment program, he would be "taken out of the program, put back in jail and brought back before the Court immediately." The trial court did not require Mr. Anderson to complete the treatment program within a specified time other than *1017 during the twenty-four months' community control portion of his sentence. Nor did the oral pronouncement or written conditions specify that Mr. Anderson must "comply with all [the] rules and regulations of the program and . . . participate in structured treatment programs as assigned."
On May 25, 2005, the State issued an addendum affidavit of violation of community control. The addendum affidavit alleged that Mr. Anderson had violated condition 12 of his community control by being "away from his approved residence" and that he had violated a
Special Condition which states, "You will enter and successfully complete the non-secure drug treatment facility at PAR. You will reside there in [sic] and comply with all rules and regulations of the program and will participate in structured treatment programs as assigned, and complete and [sic] after-care as required."
The State's addendum affidavit further alleged that Mr. Anderson had violated this special condition "when he was unsuccessfully discharged from" the residential drug treatment program "due to ongoing non compliance with rules and failure to participate in treatment while on a Probation Contract."
At the probation revocation hearing, Mr. Anderson's drug treatment counselor testified that Mr. Anderson had been discharged from the program for noncompliance. The counselor stated that all of Mr. Anderson's drug screens taken during his attendance at the program were negative. The counselor also stated that Mr. Anderson attended all of the required counseling sessions. However, the counselor testified that Mr. Anderson was discharged because he did not participate in the counseling sessions and because of minor rule infractions that the counselor described as "horseplay."
At the hearing, counsel for Mr. Anderson argued that Mr. Anderson's conditions of community control did not require him to complete a drug treatment program within a specific time period and that Mr. Anderson had sufficient time remaining in his period of community control to complete a drug treatment program. Therefore, counsel argued, the trial court could not find that Mr. Anderson willfully and substantially violated the condition that required him to complete a drug treatment program. Further, Mr. Anderson's counsel asserted that two twelve-month drug treatment programs had subsequently evaluated Mr. Anderson and that Mr. Anderson was willing to attend one of the programs. The trial court determined that Mr. Anderson had not violated condition 12, but it rejected defense counsel's argument concerning the special condition. The trial court relied on the State's affidavit of violation, which alleged that Mr. Anderson's special condition of community control required him not only to complete the drug treatment program but also to comply with the rules and participate in the treatment, and it found that Mr. Anderson had willfully and substantially violated the special condition.
On appeal, Mr. Anderson argues that because enough time remained in his community control sentence to complete a drug treatment program and because the trial court did not specify that he complete the drug treatment program within a specified time, the trial court abused its discretion by revoking his probation. We agree.
This court has consistently held that if sufficient time in the probationary period remains for a probationer to complete a drug treatment program, a trial court may not revoke probation for failure to complete the program when the conditions of *1018 probation or community control did not specify that the program be completed within a certain time frame or within a certain number of attempts. See, e.g., Yates v. State, 909 So.2d 974 (Fla. 2d DCA 2005); Davis v. State, 862 So.2d 931 (Fla. 2d DCA 2004). Furthermore, the record in this case does not reflect that the trial court ever imposed the unnumbered special condition that the State alleged required Mr. Anderson not only to complete a program but also to "comply with all [the] rules and regulations of the program and . . . participate" in the assigned activities. Therefore, we find that the trial court abused its discretion in revoking Mr. Anderson's probation based on a violation of the nonexistent special condition. Accordingly, we reverse the order revoking Mr. Anderson's community control and imposing a prison sentence, and we remand for further proceedings.
Reversed and remanded.
FULMER, C.J., and VILLANTI, J., Concur.