958 So.2d 472 (2007)
Len Shannon VERNON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1392.
District Court of Appeal of Florida, Second District.
May 11, 2007.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
*473 WHATLEY, Judge.
Len Shannon Vernon appeals an order revoking his probation in four separate cases.[1] After a hearing, the trial court found that Vernon had violated four conditions of his probation. We affirm the revocation order based on Vernon's violation of conditions five, seven, and twenty-three of his probation, reverse as to the violation of condition thirty-two, and remand for the trial court to strike that violation from the revocation order.
Condition thirty-two of Vernon's probation required that he obtain drug and alcohol evaluations within thirty days and receive drug and alcohol treatment. It was alleged that Vernon violated this condition when he was unsuccessfully discharged from "DACCO," a drug treatment program.
On appeal, Vernon argues that he was improperly found in violation of this condition because the probation order did not give him a specific time within which to complete a drug treatment program. The State agrees and acknowledges that the portion of the probation revocation order finding Vernon in violation of condition thirty-two must be stricken. See Anderson v. State, 942 So.2d 1015, 1017-18 (Fla. 2d DCA 2006) (holding that a trial court may not revoke probation for failure to complete a drug treatment program if sufficient time in the probationary period remains for a probationer to complete the program and the probation order did not specify that the program be completed within a certain time period or within a certain number of attempts).[2]
Because Vernon's remaining violations constitute substantial violations sufficient to support the revocation of his probation, we affirm the revocation order based on his violation of conditions five, seven, and twenty-three. See Mitchell v. State, 871 So.2d 1040 (Fla. 2d DCA 2004). We reverse as to the violation of condition thirty-two and remand for the trial court to strike the violation of condition thirty-two from the revocation order.
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND and DAVIS, JJ., Concur.
NOTES
[1] Vernon filed a notice of appeal in case numbers 04-18342, 04-18344, 04-18630, and 05-2124.
[2] We note that Vernon had over two years remaining in his probationary period when his probation was revoked.