DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2033

[July 11, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 15-007957CF10A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant was placed on probation for possession of PVP, a controlled substance commonly known as flakka. The trial court revoked appellant's probation after finding that he had willfully violated three conditions: a drug treatment condition and two payment conditions. Only the drug treatment violation was proven at the hearing, while the two payment conditions were not discussed at all. Appellant raises arguments on appeal regarding all three conditions. We find his argument as to the drug treatment violation without merit and affirm.

However, we remand because the trial court's revocation order improperly refers to the unproven payment condition violations. Because the trial court's revocation of probation is supported by evidence of one violation—the violation of the drug treatment condition—and it is "clear that the trial court would have revoked based solely on" that violation, we affirm. *See Haygood v. State*, 687 So. 2d 318, 319 (Fla. 4th DCA 1997). However, the revocation order should reflect only the violations actually proven, so we remand for the trial court to strike reference to the unproven violations of the payment conditions. *See Matos v. State*, 956 So. 2d 1240,

1240 (Fla. 4th DCA 2007).

*Affirmed and remanded with instructions.*

DAMOORGIAN, LEVINE and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***